UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAUDE A. REESE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT J. BAHASH,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:07-cv-01530-CKK<br><br><u>CLASS ACTION</u> |

MEMORANDUM IN SUPPORT OF THE MOTION OF BOCA RATON FIREFIGHTERS AND POLICE PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of The McGraw-Hill Companies, Inc. ("McGraw-Hill" or the "Company") common stock between July 25, 2006 and August 15, 2007, inclusive (the "Class Period"). The actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Boca Raton Firefighters and Police Pension Fund ("Boca Raton F&P Fund") hereby moves this Court for an Order to: (i) appoint Boca Raton F&P Fund as Lead Plaintiff in the Action under §21D(a)(3)(B) of the Exchange Act; and (ii) approve Boca Raton F&P Fund's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Boca Raton F&P Fund is the most adequate plaintiff, as defined by the PSLRA. Boca Raton F&P Fund is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) ("In Congress' view, institutional investors should serve as lead plaintiffs where possible, since they are most likely to have the most at stake in the case and be the most sophisticated and competent litigants."). Moreover, as an institutional investor, Boca Raton F&P Fund is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Boca Raton F&P Fund incurred a substantial $241,546.63 loss on its transactions in McGraw-Hill shares. *See* Juda Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, Boca Raton F&P Fund, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

McGraw-Hill provides information services and products to the education, financial services, and business information markets worldwide. The Company's McGraw-Hill Financial Services segment, operating under the Standard & Poor's brand, provides credit ratings covering corporate and government entities, among other things.

The complaint charges Robert J. Bahash, the Company's Chief Financial Officer, with violations of the Exchange Act. According to the complaint, during the Class Period, defendants issued materially false and misleading statements that misrepresented and failed to disclose that the Company's Standard &Poor's subsidiary was assigning excessively high ratings to bonds backed by risky subprime mortgages, including bonds packaged as collateralized debt obligations, which was materially misleading to investors concerning the quality and relative risk of these investments. Moreover, despite the downturn in the housing market and the rise in delinquencies of subprime mortgages, Standard & Poor's maintained its excessively high ratings, rather than downgrade the bonds to reflect the true risk of owning subprime-mortgage-backed debt instruments.

---

[1] References to the "Juda Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Nancy M. Juda dated October 29, 2007, and submitted herewith.

Then, on August 16, 2007, it was reported that the European Union would examine why credit agencies were slow to react to early signs of U.S. loan defaults. Upon this news, shares of the Company's stock fell to $48 per share.

## III.     ARGUMENT

### A.     Boca Raton F&P Fund Should Be Appointed Lead Plaintiff

#### 1.     The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff caused the first notice regarding the pendency of this Action to be published on *PR Newswire*, a national, business-oriented newswire service, on August 28, 2007. *See* Juda Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...

- 3 -

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Boca Raton F&P Fund Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Boca Raton F&P Fund Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on October 29, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on August 28, 2007, Boca Raton F&P Fund timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Boca Raton F&P Fund has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the Class. *See* Juda Decl., Ex. C. In addition, Boca Raton F&P Fund has selected and retained competent counsel to represent itself and the Class. *See* Juda Decl., Ex. D. Accordingly, Boca Raton F&P Fund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

#### b. Boca Raton F&P Fund Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately

benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Boca Raton F&P Fund, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c. Boca Raton F&P Fund Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Juda Decl., Ex. C, Boca Raton F&P Fund incurred a substantial $241,546.63 loss on its transactions in McGraw-Hill shares. *See* Juda Decl., Ex. B. Boca Raton F&P Fund thus has a significant financial interest in this case. Therefore, Boca Raton F&P Fund satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. Boca Raton F&P Fund Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). Boca Raton F&P Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

Boca Raton F&P Fund satisfies this requirement because, just like all other class members, it: (1) purchased McGraw-Hill shares during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Boca Raton F&P Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the

representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Boca Raton F&P Fund to represent the Class to the existence of any conflicts between the interest of Boca Raton F&P Fund and the members of the Class.  The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the Class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation.  *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Boca Raton F&P Fund is an adequate representative of the Class.  As evidenced by the injuries suffered by Boca Raton F&P Fund and the Class, the interests of Boca Raton F&P Fund are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Boca Raton F&P Fund's interests and those of the other members of the class.  Further, Boca Raton F&P Fund has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Boca Raton F&P Fund's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Boca Raton F&P Fund *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve Boca Raton F&P Fund's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In that regard, Boca Raton F&P Fund has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS

39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Juda Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Boca Raton F&P Fund's selection of counsel.

## IV.   CONCLUSION

For all the foregoing reasons, Boca Raton F&P Fund respectfully requests that the Court: (i) appoint Boca Raton F&P Fund as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: October 29, 2007

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
NANCY M. JUDA (DC Bar # 445487)


/s/ *Nancy M. Juda*
NANCY M. JUDA

1100 Connecticut Avenue, N.W., Suite 730
Washington, DC 20036
Telephone: 202/822-6762
202/828-8528 (fax)

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

- 8 -

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on October 29, 2007, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum In Support Of The Motion Of Boca Raton Firefighters And Police Pension Fund For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead And Liaison Counsel; and
>
> Declaration Of Nancy M. Juda In Support Of The Motion Of Boca Raton Firefighters And Police Pension Fund For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *Mario Alba Jr.*
Mario Alba Jr.

MCGRAW-HILL
Service List - 10/29/2007  (07-0216)
Page 1 of 1

**Counsel For Defendant(s)**

Robert J. Bahash
The McGraw-Hill Companies, Inc.
1221 Avenue of the Americas
New York, NY  10020
   212/512-2564


**Counsel For Plaintiff(s)**

David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Nancy M. Juda
Coughlin Stoia Geller Rudman & Robbins LLP
1100 Connecticut Avenue, N.W.
Suite 730
Washington, DC  20036
   202/822-6762
   202/828-8528 (Fax)

Steven R. Freeman
Freeman, Wolfe & Greenbaum, P.A.
Mercantile - Towson Building
409 Washington Avenue, Suite 300
Towson, MD  21204
   410/321-8400
   410/321-8407 (Fax)

Joel L. Lipman
O'Rourke Katten & Moody
161 North Clark Street, Suite 2230
Chicago, IL  60601
   312/849-2020
   312/849-2021 (Fax)