**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLAUDE A. REESE, Individually and on Behalf of all Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT J. BAHASH,<br><br>               Defendant. | Civil Action No. 1:07-cv-01530-CKK |

**MOTION OF MCGRAW-HILL INVESTOR GROUP FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CHOICE OF LEAD COUNSEL**

Bristol County Retirement System, Empire State Carpenters Annuity Fund, Empire State Carpenters Pension Fund and Empire State Carpenters Welfare Fund (collectively, the "McGraw-Hill Investor Group" or "Movant") respectfully move this Court for an order (i) appointing the McGraw-Hill Investor Group as Lead Plaintiff pursuant to Section 21(D)(a)(3)(B) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B) (the "PSLRA"); and (ii) approving Movant's selection of Labaton Sucharow LLP and Kirby McInerney LLP as co-lead counsel for the proposed Class. As set forth more fully in the accompanying Memorandum in Support of Motion of the McGraw-Hill Investor Group for Appointment of Lead Plaintiff and Approval of Choice of Lead Counsel, Movant submits this Motion on the grounds that it is the "most adequate plaintiff" pursuant to the PSLRA.

Dated: October 29, 2007                    Respectfully submitted,

**COHEN, MILSTEIN, HAUSFELD**
**& TOLL, P.L.L.C.**

 /s/ Daniel S. Sommers
Steven J. Toll (D.C. Bar. No. 225623)
Daniel S. Sommers (D.C. Bar. No. 416549)
S. Douglas Bunch
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Movant's Local Counsel*


**LABATON SUCHAROW LLP**
Andrei V. Rado
Christopher J. Keller
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**KIRBY MCINERNEY LLP**
Ira M. Press
830 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Movant's Proposed Co-Lead Counsel*


**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael M. Goldberg
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

2

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
John H. Byington III
425 Broadhollow Road, Suite 405
P.O. Box 9064
Melville, New York 11747
Telephone: (631) 249-6565
Facsimile: (631) 777-6906

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Stuart L. Berman
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Additional Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CLAUDE A. REESE, Individually and on Behalf
of all Others Similarly Situated,

                         Plaintiff,

            v.                                    Civil Action No. 1:07-cv-01530-CKK

ROBERT J. BAHASH,

                         Defendant.

## MEMORANDUM IN SUPPORT OF THE MOTION OF THE MCGRAW-HILL INVESTOR GROUP FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CHOICE OF LEAD COUNSEL

Bristol County Retirement System, Empire State Carpenters Annuity Fund, Empire State Carpenters Pension Fund and Empire State Carpenters Welfare Fund (collectively, the "McGraw-Hill Investor Group" or "Movant") respectfully submit this memorandum of law in support of their motion for an order (1) appointing the McGraw-Hill Investor Group as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B); and (2) approving Movant's selection of the law firms of Labaton Sucharow LLP and Kirby McInerney LLP as Co-Lead Counsel.  Movant submits this motion on the grounds that it is the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA").

## PRELIMINARY STATEMENT

The above-captioned  proposed class action alleges breach of fiduciary duty and violations of §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and of Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, on behalf of a purported class of investors who purchased

the common stock of The McGraw-Hill Companies, Inc. ("McGraw-Hill") between July 25,

2006 and August 15, 2007 (the "Class Period").  The action alleges that members of the

purported class were damaged by allegedly false and/or misleading statements concerning the

credit-rating practices of McGraw-Hill's credit-rating subsidiary Standard & Poor's.

Movant is a member of the proposed class of purchasers of McGraw-Hill stock.  During

the Class Period, Movant purchased 30,320 shares of McGraw-Hill stock at prices between

$54.10 and $68.24, resulting in estimated damages of $168,341. *See* Exhibit C to accompanying

Declaration of Ira M. Press ("Press Decl.").  Thus, Movant has a significant financial interest in

the outcome of this case, and is precisely the type of investor who should be appointed as Lead

Plaintiff here.

## FACTUAL BACKGROUND

McGraw-Hill provides information services and products to education, financial services,

and business-information markets worldwide. McGraw-Hill's Financial Services segment,

operating under the Standard & Poor's brand, provides credit ratings covering corporate and

government entities, infrastructure projects, and structured finance transactions; data and

information services offering financial information on companies, securities, and indices; equity

research; portfolio services developing global indices and investable products; and risk

management and credit risk training.

During the Class Period, McGraw-Hill shares, buoyed by positive statements concerning

the operations of its Standard & Poor's credit ratings division, rose to artificially-inflated share

prices of well over $60 for most of the Class Period, and traded at times above $70 per share.

In July and August 2007, in the midst of the sub-prime mortgage debacle, as regulator

and public scrutiny turned towards Standard & Poor's original ratings of, and failures to

downgrade, mortgage-backed debt securities, and towards Standard & Poor's role not only in rating but also in structuring and thus issuing such securities, McGraw-Hill shares declined substantially, falling from approximately $65 per share to below $50 per share.

## ARGUMENT

## I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), sets forth procedures for the selection and appointment of Lead Plaintiffs in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action.

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See also In re Mills Corp. Sec. Litig.*, No. Civ. A. 1:06-77 (GEL) 2006 WL 2035391, at *2 (E.D. Va. May 30, 2006); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003); *In re E. Spire Commnc's Inc. Sec. Litig.*, 231 F.R.D. 207, 210 (D. Md. 2000); *In re Cree, Inc. Sec. Litig.,* 219 F.R.D. 369, 371 (M.D.N.C. 2003); *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 375 (E.D. Va. 2003); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999); *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 565 (D. Md. 2001).

Furthermore, courts have made clear time and time again that the PSLRA expresses a preference for appointment of institutional investors – such as those comprising Movant here – as lead plaintiff. *In re E. Spire*, 231 F.R.D. at 212; *In re Cable & Wireless*, 217 F.R.D. at 376.

As set forth below, Movant satisfies all of the relevant criteria and thus is entitled to the presumption that it is the most adequate plaintiff to represent all Class-Period purchasers of McGraw-Hill common stock. Accordingly, Movant's motion to be appointed Lead Plaintiff for the Class should be granted. *In re USEC*, 168 F. Supp. 2d at 566.

A.    Movant is Willing to Serve as Lead Plaintiff On Behalf of All McGraw-Hill Stock Purchasers During the Class Period

On August 28, 2007, counsel for plaintiff in the above-captioned action caused a notice to be published on PRNewsire, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, announcing that a class action had been filed on behalf of a proposed class of investors who purchased McGraw-Hill common stock during the Class Period, and advising such purchasers that they had until October 29, 2007 to file a motion to be appointed as Lead Plaintiff. *See* Press Decl. Exhibit A.

The PSLRA provides that motions for appointment of lead plaintiff must be filed within 60 days following publication of the statutory notice. Movant has filed this motion within the statutory time period. Movant has submitted a sworn Certification attesting that Movant is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Press Decl., Exhibit B; *In re USEC*, 168 F. Supp. 2d at 564.

Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class. *In re Mills*, 2006 WL 2035391, at *3.

B.    Movant Has the Largest Financial Interest in the Relief Sought By the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Mills*, 2006 WL 2035391, at *3.

Movant purchased 30,320 shares of McGraw-Hill common stock during the Class Period, and suffered damages of $168,341 from its Class Period investments. *See* Press Decl., Ex. C.

While the PSLRA does not explain how a court should determine the largest financial interest (*In re Royal Ahold*, 219 F.R.D. at 349; *In re Cable & Wireless*, 217 F.R.D. at 375 n. 4), many courts have looked to four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *In re Cable & Wireless,* 217 F.R.D. at 375 n. 4.

Movant believes that its investment in McGraw-Hill common stock and its damages from such investment are greater than those of all other qualified movants seeking appointment as Lead Plaintiff and, thus, that Movant possesses the largest financial interest in the relief sought by the Class.

C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Cable & Wireless*, 217 F.R.D. at 375 n. 5. Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two – typicality and adequacy – directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of Lead Plaintiff, the Court should limit its inquiry to typicality and adequacy, and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *In re Cree*, 219 F.R.D. at 372 ("A presumptive lead plaintiff need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed"); *In re E. Spire*, 231 F.R.D. at 215 ("A wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification"); *Switzenbaum*, 187 F.R.D. at 250 (same); *In re USEC*, 168 F. Supp. 2d at 566 (same); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 18 (D.D.C. 2006); *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D. D.C. 2005).

Movant fulfills these Rule 23(a) requirements. Typicality is satisfied if "the movant's claim arises from the same course of events as those of the other potential class members and

relies on similar legal theories to prove the defendants' liability." *In re Royal Ahold*, 219 F.R.D. at 350; *accord In re Mills*, 2006 WL 2035391, at *4; *In re Cable & Wireless*, 217 F.R.D. at 375 n. 5; *In re Cree*, 219 F.R.D. at 372; *Disability Rights Council of Greater Washington v. Washington Metro. Area Transp. Auth.*, 239 F.R.D. 9, 27 (D.D.C. 2006).

     Movant shares substantially the same questions of law and fact with other purchasers of McGraw-Hill stock, such as whether the Exchange Act was violated by false and/or misleading statements and/or omissions concerning Standard & Poor's practice of and role in rating and structuring mortgage-backed securities, and whether these had the effect of artificially inflating the price of McGraw-Hill's common stock. Movant purchased McGraw-Hill stock during the Class Period at prices allegedly artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. All other persons and entities acquiring McGraw-Hill stock during the Class Period similarly overpaid as a result of the same misconduct that caused Movant's injury. *See, e.g., In re Royal Ahold*, 219 F.R.D. at 350; *In re USEC Sec. Litig.,* 168 F. Supp. 2d at 565; *In re Cable & Wireless*, 217 F.R.D. at 376; *Switzenbaum*, 187 F.R.D. at 251. These shared claims satisfy the requirement that the claims of the representative parties be typical of other purchasers of McGraw-Hill stock. *In re Mills*, 2006 WL 2035391, at *4; *In re Cable & Wireless*, 217 F.R.D. at 376.

     Movant also satisfies the adequacy requirement. Courts in the Fourth Circuit and elsewhere have held that the "adequacy" of a class representative for Rule 23 depends on "whether the movant has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *In re Royal Ahold*, 219 F.R.D. at 350; *In re Cree*, 219 F.R.D. at 372; *In re Cable & Wireless*, 217 F.R.D. at 375 n.5, 376. *See also In re BearingPoint, Inc. Sec. Litig*., 232 F.R.D. 534, 541 (E.D. Va. 2006).

Movant is not aware of any unique defenses that could be raised against it that would render it inadequate to represent other McGraw-Hill purchasers.  To the contrary, Movant has demonstrated its commitment to protecting Class interests by signing certifications expressing its willingness to serve as Class representative and provide deposition and trial testimony, if necessary  (Press Decl., Exhibit B). Movant has selected experienced and competent counsel, who, as detailed below, will provide excellent representation of the Class's interests. *See* Press Decl., Exhibits D and E (resumes of Movant's counsel). Moreover, the fact that Movant has the largest known financial stake in this litigation also provides an incentive for Movant to vigorously prosecute this action.  *In re E. Spire*, 231 F.R.D. at 213.

Thus, the close alignment of interests between Movant and other Class Period purchasers of McGraw-Hill stock, as well as Movant's desire to prosecute the claims on behalf of such persons and entities, provide ample reason to grant Movant's motion to serve as Lead Plaintiff.

D.      Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I); *In re Royal Ahold*, 219 F.R.D. at 351; *In re E. Spire*, 231 F.R.D. at 214; *In re Cree,* 219 F.R.D. at 371; *In re Cable & Wireless*, 217 F.R.D. at 375-77; *Switzenbaum*, 187 F.R.D. at 249; *In re USEC*, 168 F.Supp.2d at 565.

For the reasons discussed above, Movant's adequacy is beyond question, and Movant,
having suffered losses from Class Period McGraw-Hill investments, just like all putative Class
members, is not subject to any unique defenses.  Accordingly, there is no basis to override the
presumption of "most adequate plaintiff" that arises from Movant's largest financial stake in the
claim.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to
the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Mills*, 2006 WL 2035391, at *3;
*In re E. Spire*, 231 F.R.D. at 215; *In re Cable & Wireless*, 217 F.R.D. at 375, 379; *In re First
Union Corp. Sec. Litig.*,157 F. Supp. 2d 638, 643 (W.D.N.C. 2000); *Switzenbaum*, 187 F.R.D. at
251; *In re USEC*, 168 F. Supp. 2d at 568.  The Court should only interfere with Lead Plaintiff's
selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)
(B)(iii) (II)(aa).

Movant has selected the law firms of Labaton Sucharow LLP and Kirby McInerney LLP
to serve as Lead Counsel for the proposed Class.  Labaton Sucharow and Kirby McInerney are
both highly experienced in the area of securities and class litigation, and have successfully
prosecuted numerous securities litigations and securities fraud class actions on behalf of
investors. *See* Press Decl., Exhibit D (Labaton Sucharow firm resume) and Exhibit E (Kirby
McInerney firm resume).  As a result of their extensive experience in litigation involving issues
similar to those raised in this action, Movant's counsel have the skill and knowledge that will
enable them to prosecute this action effectively and expeditiously.  *In re Mills*, 2006 WL
2035391, at *4; *Switzenbaum*, 187 F.R.D. at 251-52; *In re USEC*, 168 F. Supp. 2d at 568.  Thus,

the Court may be assured that by approving Movant's selection of Lead Counsel, Class Period

purchasers of McGraw-Hill stock will receive the best legal representation available.

## CONCLUSION

In light of the foregoing, Movant respectfully requests that the Court: (1) appoint

Movant to serve as Lead Plaintiff in this Action; (2) approve Movant's selection of Labaton

Sucharow LLP and Kirby McInerney LLP as Co-Lead Counsel; and (3) grant such other and

further relief as the Court deems just and proper.


Dated: October 29, 2007                      Respectfully submitted,

                                             **COHEN, MILSTEIN, HAUSFELD**
                                             **& TOLL, P.L.L.C.**

                                             /s/ Daniel S. Sommers
                                             Steven J. Toll (D.C. Bar. No. 225623)
                                             Daniel S. Sommers (D.C. Bar. No. 416549)
                                             S. Douglas Bunch
                                             1100 New York Avenue, N.W.
                                             West Tower, Suite 500
                                             Washington, D.C. 20005
                                             Telephone: (202) 408-4600
                                             Facsimile: (202) 408-4699

                                             *Movant's Liaison Counsel*

**LABATON SUCHAROW LLP**
Andrei V. Rado
Christopher J. Keller
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**KIRBY MCINERNEY LLP**
Ira M. Press
830 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Movant's Proposed Co-Lead Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael M. Goldberg
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
John H. Byington III
425 Broadhollow Road, Suite 405
P.O. Box 9064
Melville, New York 11747
Telephone: (631) 249-6565
Facsimile: (631) 777-6906

**SCHIFFRIN BARROWAY TOPAZ
& KESSLER, LLP**
Stuart L. Berman
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Additional Plaintiffs' Counsel*

11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLAUDE A. REESE, Individually and on Behalf of all Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>ROBERT J. BAHASH,<br><br>                              Defendant. | Civil Action No. 1:07-cv-01530-CKK |

**DECLARATION OF IRA M. PRESS IN SUPPORT OF THE MOTION OF THE McGRAW-HILL INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF CHOICE OF LEAD COUNSEL**

Pursuant to 28 U.S.C. § 1746, I, Ira M. Press declare as follows:

1.      I am a member of the law firm of Kirby McInerney LLP, one of proposed co-lead counsel for Bristol County Retirement System, Empire State Carpenters Annuity Fund, Empire State Carpenters Pension Fund and Empire State Carpenters Welfare Fund (collectively, the "McGraw-Hill Investor Group" or "Movant"). As such, I am fully familiar with the matters set forth herein.  I am submitting this Declaration in support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Choice of Lead Counsel.

2.      Attached as Exhibit A hereto is a true and correct copy of a press release disseminated over PRNewswire on August 28, 2007 announcing the pendency of the first lawsuit commenced as a putative class action on behalf of investors of The McGraw-Hill Companies, Inc.

3.      Attached as Exhibit B hereto are true and correct copies of Movant's sworn certifications to serve as Lead Plaintiff.

4.      Attached as Exhibit C hereto is a true and correct copy of a chart calculating Movant's losses for Class Period investments in McGraw-Hill common stock.

5.      Attached as Exhibit D hereto is a true and correct copy of the firm resume of Labaton Sucharow LLP.

6.      Attached as Exhibit E hereto is a true and correct copy of the firm resume of Kirby McInerney LLP.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 29th day of October, 2007.

_____
/s/ Ira M. Press
IRA M. PRESS

# EXHIBIT A

PRN         Claims Brought Against Robert J. Bahash Announced by O'Rourke        1 of 1
            Aug 28 2007  18:51


Katten & Moody


   CHICAGO, Aug. 28 /PRNewswire/ -- Notice is hereby given that a claim has
been filed August 28, 2007, in the United States District Court for the
District of Columbia, Case No. 1:07-cv-01530, on behalf of shareholders who
purchased the common stock of The McGraw-Hill Companies, Inc. ("McGraw-Hill"
or the "Company") between July 25, 2006 and August 15, 2007, inclusive (the
"Class Period").

   The Complaint charges Robert J. Bahash with violations of federal
securities laws.  Plaintiff claims that defendant's misleading statements or
omissions concerning McGraw-Hill's business and operations caused the
Company's stock price to become artificially inflated, inflicting damages on
investors.  Specifically, the Complaint alleges the defendant misrepresented
or failed to fully disclose that McGraw-Hill's subsidiary Standard & Poor's
assigned excessively high ratings to bonds backed by risky subprime mortgages
-- including bonds packaged as collateralized debt obligations -- which was
materially misleading to investors concerning the quality and relative risk of
these investments.

   Plaintiff seeks to recover damages on behalf of McGraw-Hill shareholders
and is represented by several law firms, including O'Rourke Katten & Moody.

   If you are a member of the period described above, you may move the Court,
not later than 60 days from the date of this Notice, to serve as lead
plaintiff, however, you must meet certain legal requirements. If you wish to
discuss this action or have any questions concerning this Notice or your
rights or interests with respect to these matters, please contact Joel L.
Lipman, Esquire, of O'Rourke Katten & Moody, 161 North Clark Street, Suite
2230, Chicago, Illinois 60601, (312) 849-2020.


SOURCE  O'Rourke Katten & Moody


CONTACT:
Joel L. Lipman, Esquire, of O'Rourke Katten & Moody, +1-312-849-2020
-0- Aug/28/2007 22:51 GMT


Copyright (c) 2007

# EXHIBIT B

## CERTIFICATION

I, John Walsh as Director of Operations of Bristol County Retirement System ("Bristol County"), hereby certify as follows:

1.    I am fully authorized to enter into and execute this Certification on behalf of Bristol County. I have reviewed a complaint prepared against The McGraw-Hill Companies ("McGraw-Hill") alleging violations of the federal securities laws;

2.    Bristol County did not purchase securities of McGraw-Hill at the direction of counsel or in order to participate in any private action under the federal securities laws;

3.    Bristol County is willing to serve as a lead plaintiff in this matter, including providing testimony at deposition and trial, if necessary;

4.    Bristol County's transactions in the securities of McGraw-Hill as reflected in Exhibit A, are attached hereto;

5.    Bristol County has not sought to serve as a lead plaintiff in a class action under the federal securities laws during the last three years, except for the following:

*In re HCC Insurance Holdings, Inc. Securities Litigation* (**Appointed**)

6.    Beyond its pro rata share of any recovery, Bristol County will not accept payment for serving as a lead plaintiff on behalf of the class, except the reimbursement of such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct this 26ᵀᴴ day of October, 2007.

_____
John Walsh
*Director of Operations of Bristol County*
*Retirement System*

**EXHIBIT A**

**TRANSACTIONS IN
THE MCGRAW-HILL COMPANIES**

| Transaction Type | Trade Date | Settle Date | Shares | Price Per Share | Cost/ Proceeds |
|---|---|---|---|---|---|
| Purchase | 07/26/06 | 07/31/06 | 3,600.00 | $ 54.10 | ($194,870.16) |
| Purchase | 01/25/07 | 01/30/07 | 4,520.00 | $ 67.19 | ($303,882.76) |
| Sale | 01/03/07 | 01/08/07 | -400.00 | $ 66.72 | $26,679.18 |
| Sale | 04/25/07 | 04/30/07 | -450.00 | $ 66.33 | $29,827.79 |

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

_Patrick Morin_ declares as follows:
(Individual Name)

1.  I am the _a Trustee of_ for Empire State Carpenters Annuity Fund ("plaintiff"). As such, I am authorized to make this certification on plaintiff's behalf.

2.  I have reviewed the securities class action complaint filed on behalf of investors in The McGraw-Hill Companies, Inc. ("McGraw-Hill"), and have authorized the filing of a similar complaint on plaintiff's behalf. Plaintiff retains Kirby McInerney LLP, and such co-counsel as it deems appropriate to associate with, to pursue such action on a contingent fee basis.

3.  Plaintiff did not purchase McGraw-Hill securities at the direction of plaintiffs' counsel or in order to participate in this private action.

4.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.  Plaintiff's transactions in McGraw-Hill securities during the class period set forth in the complaint are set forth below on the attached Schedule A

6.  During the three years prior to the date of this certification, plaintiff has not served or sought to serve as a representative party, for a class in any action filed under the federal securities laws, except as noted on Schedule A.

7.  Plaintiff will not accept payment for serving as a representative party on behalf of the class beyond plaintiff's pro rata share of any class recovery, except as ordered/approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this

26th day of _October_ . 2007.

_____
Signature

-2-

## Schedule A

**1. Transactions of Plaintiff in The McGraw-Hill Companies, Inc.:**

| Date | Purchase/Sale | No. of Shares | Price Per Share |
|------|---------------|---------------|-----------------|
| 8/2/2006 | Purchase | 2,000 | $57.44 |
| 8/16/2006 | Purchase | 1,000 | $56.94 |
| 8/29/2006 | Purchase | 3,000 | $55.76 |
| 9/8/2006 | Purchase | 1,000 | $56.52 |
| 10/4/2006 | Purchase | 2,000 | $58.27 |
| 10/4/2006 | Purchase | 2,000 | $58.30 |
| 10/24/2006 | Purchase | 1,000 | $63.60 |
| 10/30/2006 | Purchase | 1,000 | $63.79 |
| 6/7/2007 | Sale | 1,000 | $70.80 |
| 6/12/2007 | Sale | 1,000 | $68.50 |
| 6/22/2007 | Sale | 1,000 | $69.28 |
| 6/29/2007 | Sale | 1,000 | $68.95 |

**2. Federal securities law class actions commenced in the last 3 years in which plaintiff has served or sought to serve as a representative party:**

_____

_____

_____

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

_Patrick Marin_ declares as follows:
(Individual Name)

1.    I am the _a Trustee of_ ~~for~~ Empire State Carpenters Pension Fund ("plaintiff"). As such, I am authorized to make this certification on plaintiff's behalf.

2.    I have reviewed the securities class action complaint filed on behalf of investors in The McGraw-Hill Companies, Inc. ("McGraw-Hill"), and have authorized the filing of a similar complaint on plaintiff's behalf. Plaintiff retains Kirby McInerney LLP, and such co-counsel as it deems appropriate to associate with, to pursue such action on a contingent fee basis.

3.    Plaintiff did not purchase McGraw-Hill securities at the direction of plaintiffs' counsel or in order to participate in this private action.

4.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.    Plaintiff's transactions in McGraw-Hill securities during the class period set forth in the complaint are set forth below on the attached Schedule A

6.    During the three years prior to the date of this certification, plaintiff has not served or sought to serve as a representative party, for a class in any action filed under the federal securities laws, except as noted on Schedule A.

7.    Plaintiff will not accept payment for serving as a representative party on behalf of the class beyond plaintiff's pro rata share of any class recovery, except as ordered/approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this

26th day of October, 2007.

_____
Signature

Schedule A

**1. Transactions of Plaintiff in The McGraw-Hill Companies, Inc.:**

| Date | Purchase/Sale | No. of Shares | Price Per Share |
|---|---|---|---|
| 8/2/2006 | Purchase | 3,000 | $57.44 |
| 8/4/2006 | Sale | 600 | $57.11 |
| 8/30/2006 | Purchase | 500 | $56.78 |
| 9/8/2006 | Purchase | 2,000 | $56.52 |
| 12/21/2006 | Purchase | 600 | $68.24 |
| 1/30/2007 | Purchase | 600 | $66.16 |
| 3/22/2007 | Sale | 500 | $65.24 |
| 4/26/2007 | Sale | 500 | $66.55 |
| 5/14/2007 | Sale | 500 | $69.98 |
| 6/26/2007 | Sale | 400 | $68.24 |
| 8/9/2007 | Sale | 400 | $54.40 |

**2. Federal securities law class actions commenced in the last 3 years in which plaintiff has served or sought to serve as a representative party:**

_____

_____

_____

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

Patrick Morin _____ declares as follows:
(Individual Name)

1.    I am ~~the~~ a Trustee of ~~the~~ Empire State Carpenters Welfare Fund ("plaintiff"). As such, I am authorized to make this certification on plaintiff's behalf.

2.    I have reviewed the securities class action complaint filed on behalf of investors in The McGraw-Hill Companies, Inc. ("McGraw-Hill"), and have authorized the filing of a similar complaint on plaintiff's behalf. Plaintiff retains Kirby McInerney LLP, and such co-counsel as it deems appropriate to associate with, to pursue such action on a contingent fee basis.

3.    Plaintiff did not purchase McGraw-Hill securities at the direction of plaintiffs' counsel or in order to participate in this private action.

4.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.    Plaintiff's transactions in McGraw-Hill securities during the class period set forth in the complaint are set forth below on the attached Schedule A

6.    During the three years prior to the date of this certification, plaintiff has not served or sought to serve as a representative party, for a class in any action filed under the federal securities laws, except as noted on Schedule A.

7.    Plaintiff will not accept payment for serving as a representative party on behalf of the class beyond plaintiff's pro rata share of any class recovery, except as ordered/approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this

26th day of _October_, 2007.

_____
Signature

-2-

## Schedule A

**1. Transactions of Plaintiff in The McGraw-Hill Companies, Inc.:**

| Date | Purchase/Sale | No. of Shares | Price Per Share |
|---|---|---|---|
| 8/2/2006 | Purchase | 1,000 | $57.49 |
| 8/21/2006 | Purchase | 1,000 | $56.96 |
| 9/27/2006 | Purchase | 500 | $57.78 |

**2. Federal securities law class actions commenced in the last 3 years in which plaintiff has served or sought to serve as a representative party:**

_____

_____

_____

# EXHIBIT C

**McGraw-Hill Investor Group**
**Damages Summary**

|  | Damages |
|---|---|
| Bristol County Retirement System | $73,499.92 |
| Empire State Carpenters: | |
| *Pension Fund* | $ 55,146.10 |
| *Annuity Fund* | $ 22,930.00 |
| *Welfare Fund* | $ 16,765.00 |
| **Total** | $168,341.02 |

**MCGRAW HILL COS INC COM**

| Ticker | CUSIP | SEDOL | ISIN | Valoren | Lookback Price* |
|--------|-------|-------|------|---------|-----------------|
| MHP | 580645109 | 2551443 | US5806451093 | 950670 | $50.72 |

# Bristol County Retirement System

Class Period: 7/25/2006 to 8/15/2007

| Trans Type | Trade Date | Settle Date | Shares | Price Per Share | Cost/ Proceeds |
|------------|-----------|-------------|--------|-----------------|----------------|
| Open | 07/25/06 | | 0.00 | | |
| None | | | | | |
| *Sales (matched to pre-class period purchases):* | | | *0.00* | | *$0.00* |
| Purchase | 07/26/06 | 07/31/06 | 3,600.00 $ | 54.10 | ($194,870.16) |
| Purchase | 01/25/07 | 01/30/07 | 4,520.00 $ | 67.19 | ($303,882.76) |
| *Class period purchases:* | | | *8,120.00* | | *($498,752.92)* |
| Sale | 01/03/07 | 01/08/07 | -400.00 $ | 66.72 | $26,679.18 |
| Sale | 04/25/07 | 04/30/07 | -450.00 $ | 66.33 | $29,827.79 |
| *Class period sales (matched to class period purchases):* | | | *-850.00* | | *$56,506.97* |
| *FIFO Retained purchases:* | | | *7,270.00* | *$50.72* | *$368,746.03* |
| *LIFO Retained purchases:* | | | *7,270.00* | *$50.72* | *$368,746.03* |
| | | | | *FIFO Gain/(Loss):* | ($73,499.92) |
| | | | | *LIFO Gain/(Loss):* | ($73,499.92) |
| | | | | *NET Gain/(Loss):* | ($442,245.95) |

*\*Value of retained purchases is the mean trading price from 8/15/2007 to 10/23/2007.*

## Empire State Carpenters Pension Fund -- The McGraw-Hill Companies, Inc. -- Class Period: 7/25/06 to 8/15/07

Pre-class period holdings -- 11,400

| Date | Buy | Sell | Other | Other type | Price | Shares | Exp. | Income |
|------|-----|------|-------|-----------|-------|--------|------|--------|
| 8/2/2006 | 3,000 | | | | $57.44 | | | |
| 8/4/2006 | | | 600 | | $57.11 | | | |
| 8/30/2006 | 500 | | | | $56.78 | | | |
| 9/8/2006 | 2,000 | | | | $56.52 | | | |
| 12/21/2006 | 600 | | | | $68.24 | | | |
| 1/30/2007 | 600 | | | | $66.16 | | | |
| 3/22/2007 | | 500 | | | $65.24 | | | |
| 4/26/2007 | | 500 | | | $66.55 | | | |
| 5/14/2007 | | 500 | | | $69.98 | | | |
| 6/26/2007 | | 400 | | | $68.24 | | | |
| 8/9/2007 | | 400 | | | $54.40 | | | |

| | | | | |
|---|---|---|---|---|
| Shares Purchased | 6,700 | Damages | Proceeds from shares purchased and sold | $ - |
| Expenditures | $394,367 | | + Value of shares purchased and held | $339,221.00 |
| Sales (FIFO)* | 0 | | - Expenditures on shares purchased | $394,367.10 |
| Proceeds | $ - | | | $ (55,146.10) |
| Shares Held | 6,700 | | | |
| Value** | $339,221 | | | |

*Pursuant to FIFO methodology, proceeds from class period sales of shares that were purchased pre-class period are matched first to the pre-class period purchases. Only when all pre-class period positions have been closed by subsequent sales do we begin to match sales against class period purchases, and offset the proceeds of the sales against the class period expenditures.

**Pursuant to PSLRA, holdings were valued at the average closing price of the shares during the 90 days following the close of the class period. As 90 days have not yet passed, the shares were valued at the average closing price between 8/16/07 and 10/25/07 -- $50.63.

**Empire State Carpenters Annuity Fund -- The McGraw-Hill Companies, Inc. -- Class Period: 7/25/06 to 8/15/07**

Pre-class period holdings -- 0

| Date | Buy | Sell | Other | Other type | Price | Shares | Exp. | Income |
|---|---|---|---|---|---|---|---|---|
| 8/2/2006 | 2000 | | | | $57.44 | | | |
| 8/16/2006 | 1000 | | | | $56.94 | | | |
| 8/29/2006 | 3000 | | | | $55.76 | | | |
| 9/8/2006 | 1000 | | | | $56.52 | | | |
| 10/4/2006 | 2000 | | | | $58.27 | | | |
| 10/4/2006 | 2000 | | | | $58.30 | | | |
| 10/24/2006 | 1000 | | | | $63.60 | | | |
| 10/30/2006 | 1000 | | | | $63.79 | | | |
| 6/7/2007 | | 1000 | | | $70.80 | | | |
| 6/12/2007 | | 1000 | | | $68.50 | | | |
| 6/22/2007 | | 1000 | | | $69.28 | | | |
| 6/29/2007 | | 1000 | | | $68.95 | | | |

| | | | | | |
|---|---|---|---|---|---|
| Shares Purchased | 13,000 | | Damages | Proceeds from shares purchased and sold | $ 277,531.00 |
| Expenditures | $756,131 | | | + Value of shares purchased and held | $ 455,670.00 |
| Shares Sold | 4,000 | | | - Expenditures on shares purchased | $ 756,131.00 |
| Proceeds | $277,531 | | | | $ (22,930.00) |
| Shares Held | 9,000 | | | | |
| Value** | $455,670 | | | | |

**Pursuant to PSLRA, holdings were valued at the average closing price of the shares during the 90 days following the close of the class period. As 90 days have not yet passed, the shares were valued at the average closing price between 8/16/07 and 10/25/07 -- $50.63.

# Empire State Carpenters Welfare Fund -- The McGraw-Hill Companies, Inc. -- Class Period: 7/25/06 to 8/15/07

Pre-class period holdings -- 0

| Date | Buy | Sell | Other | Other type | Price | Shares | Exp. | Income |
|------|-----|------|-------|------------|-------|--------|------|--------|
| 8/2/2006 | 1000 | | | | $ 57.49 | | | |
| 8/21/2006 | 1000 | | | | $ 56.96 | | | |
| 9/27/2006 | 500 | | | | $ 57.78 | | | |
| Shares Purchased | 2,500 | | | Damages | Proceeds from shares purchased and sold | | | $          - |
| Expenditures | $ 143,340 | | | | + Value of shares purchased and held | | | $ 126,575.00 |
| Shares Sold | 0 | | | | - Expenditures on shares purchased | | | $ 143,340.00 |
| Proceeds | $          - | | | | | | | $ (16,765.00) |
| Shares Held | 2,500 | | | | | | | |
| Value** | $ 126,575 | | | | | | | |

**Pursuant to PSLRA, holdings were valued at the average closing price of the shares during the 90 days following the close of the class period. As 90 days have not yet passed, the shares were valued at the average closing price between 8/16/07 and 10/25/07 -- $50.63.

# EXHIBIT D

# Labaton
# Sucharow

# LABATON SUCHAROW LLP

## INVESTOR PROTECTION LITIGATION

# THE FIRM AND ITS ACHIEVEMENTS

## Table of Contents

OVERVIEW ............................................................................................................. 1

CORPORATE GOVERNANCE ................................................................................ 2

NOTABLE LEAD COUNSEL APPOINTMENTS ................................................... 5

TRIAL EXPERIENCE ............................................................................................. 6

NOTABLE SUCCESSES ......................................................................................... 7

COMMENTS ABOUT OUR FIRM BY THE COURTS ........................................ 13

PRO BONO ACTIVITIES ...................................................................................... 14

ATTORNEYS ......................................................................................................... 15

    EDWARD LABATON, PARTNER ................................................................... 15

    LAWRENCE A. SUCHAROW, CHAIRMAN .................................................. 17

    MARK S. ARISOHN, PARTNER ..................................................................... 18

    ERIC J. BELFI, PARTNER ............................................................................... 20

    JOEL H. BERNSTEIN, SENIOR PARTNER .................................................... 21

    THOMAS A. DUBBS, SENIOR PARTNER ..................................................... 22

    LOUIS GOTTLIEB, PARTNER ....................................................................... 24

    BARBARA J. HART, PARTNER ...................................................................... 25

    RUSSEL N. JACOBSON, PARTNER ............................................................... 27

    JAMES W. JOHNSON, PARTNER ................................................................... 28

    CHRISTOPHER J. KELLER, PARTNER .......................................................... 29

    CHRISTOPHER J. MCDONALD, PARTNER .................................................. 30

    JONATHAN M. PLASSE, SENIOR PARTNER ............................................... 31

HOLLIS L. SALZMAN, PARTNER................................................................32

IRA A. SCHOCHET, PARTNER ................................................................33

JOSEPH V. STERNBERG, PARTNER ........................................................34

MARTIS ALEX, OF COUNSEL ................................................................35

JONATHAN GARDNER, OF COUNSEL ......................................................36

DAVID J. GOLDSMITH, OF COUNSEL ......................................................37

ANTHONY J. HARWOOD, OF COUNSEL....................................................39

RICHARD T. JOFFE, OF COUNSEL ..........................................................40

KELSO ANDERSON, ASSOCIATE ............................................................42

JAVIER BLEICHMAR, ASSOCIATE ..........................................................42

AYA BOUCHEDID, ASSOCIATE ..............................................................43

PETER W. BRUEGGEN, ASSOCIATE ........................................................44

REBECCA R. COHEN, ASSOCIATE ..........................................................45

DONALD P. DELANEY, ASSOCIATE ........................................................45

ALAN I. ELLMAN, ASSOCIATE ..............................................................46

JOSEPH A. FONTI, ASSOCIATE ..............................................................47

ANN E. GITTLEMAN, ASSOCIATE ..........................................................48

JULIE HWANG, ASSOCIATE ..................................................................49

RENU KRIPALANI, ASSOCIATE ..............................................................50

CRAIG A. MARTIN, ASSOCIATE ............................................................51

BARRY M. OKUN, ASSOCIATE ..............................................................52

ANDREI V. RADO, ASSOCIATE ..............................................................52

ZACHARY M. RATZMAN, ASSOCIATE......................................................53

SERENA RICHARDSON, ASSOCIATE ........................................................54

MICHAEL H. ROGERS, ASSOCIATE ........................................................54

ERIC S. SCHACHTER, ASSOCIATE ....................................................................55

MICHAEL W. STOCKER, ASSOCIATE ...............................................................56

STEFANIE J. SUNDEL, ASSOCIATE ...................................................................57

KRISTA THOMAS, ASSOCIATE............................................................................57

SHELLEY THOMPSON, ASSOCIATE .....................................................................58

STEPHEN W. TOUNTAS, ASSOCIATE.................................................................59

ETHAN D. WOHL, ASSOCIATE ............................................................................60

NICOLE M. ZEISS, ASSOCIATE ...........................................................................61

Founded in 1963, Labaton Sucharow LLP ("Labaton Sucharow") is an internationally respected law firm based in New York City and has relationships throughout Europe. The Firm consists of more than 60 attorneys and a professional support staff that includes certified public accountants, licensed private investigators, resident securities analysts and 10 paralegals. The Firm prosecutes major complex litigation in the United States, and has successfully conducted a wide array of representative actions (principally class, mass and derivative) in the areas of securities, antitrust, merger/acquisition, limited partnership, ERISA, product liability, and consumer litigation. Labaton Sucharow's Investor Protection Litigation Group offers comprehensive services for our institutional investor clients and has recovered, through trial and settlement, more than $3 billion for the benefit of investors who have been victimized by such diverse schemes as stock price manipulation, mismanagement, and fraudulent offerings of securities. Through its efforts, the litigation group has also obtained meaningful corporate governance reforms to minimize the likelihood of repetitive wrongful conduct. Visit our website at **www.labaton.com** for more information about our dynamic firm.

# CORPORATE GOVERNANCE

Labaton Sucharow is committed to corporate governance reform. The Firm is a patron of the John L. Weinberg Center for Corporate Governance of the University of Delaware ("The Center"). The Center provides a forum for business leaders, directors of corporate boards, the legal community, academics, practitioners, graduate and undergraduate students, and others interested in corporate governance issues to meet and exchange ideas. One of Labaton Sucharow's senior partners, Edward Labaton, is a member of the Advisory Committee of The Center. Additionally, Mr. Labaton has for more than 10 years served as a member of the Program Planning Committee for the annual ALI-ABA Corporate Governance Institute, and serves on the Task Force on the Role of Lawyers in Corporate Governance of the Association of the Bar of the City of New York.

On behalf of its institutional and individual investor clients, Labaton Sucharow has achieved some of the largest precedent-setting settlements since the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and has helped avert future instances of securities fraud by negotiating substantial corporate governance reforms as conditions of many of its largest settlements.

Because of the depth of their experience and deep commitment to the principles of corporate governance, many Labaton Sucharow partners have served as featured speakers on topics relating to corporate governance and reform at various symposia and lectures.

As a result of Labaton Sucharow's extensive experience and commitment to corporate governance reform, the Firm's clients have secured meaningful reforms, in addition to substantial monetary recoveries, in significant settlements such as:

- ***In re Waste Management, Inc. Securities Litigation***, Civ. No. H-99-2183 (S.D. Tex.):  Labaton Sucharow, acting as Lead Counsel for the State of Connecticut Retirement Plans & Trust Funds, caused the Company to present a binding resolution to declassify its board of directors, which was approved by its shareholders.  As a consequence of Labaton Sucharow's efforts, the Company further agreed to amend its Audit Committee charter, which led to its enhanced effectiveness.

- ***In re Vesta Insurance Group Securities Litigation***, Civ. No. CV-98-W-1407-S (N.D. Ala.):  Labaton Sucharow, acting as Lead Counsel for the Florida State Board of Administration, caused the Company to adopt provisions requiring that:  (i) a majority of its Board members be independent; (ii) at least one independent director be experienced in corporate governance; (iii) the audit, nominating and compensation committees be comprised entirely of independent directors; and (iv) the audit committee comply with the recommendations of the Blue Ribbon Panel on the effectiveness of audit committees.

- ***In re Orbital Sciences Corporation Securities Litigation***, Civ. No. 99-197-A (E.D. Va.):  Labaton Sucharow, acting as Lead Counsel for the New York City Pension Funds, negotiated the implementation of measures concerning the Company's quarterly review of its financial results, the composition, role and responsibilities of its Audit and Finance committee, and the adoption of a Board resolution providing guidelines regarding senior executives' exercise and sale of vested stock options.

- ***In re Bristol-Myers Squibb Securities Litigation***, Civ. No. 00-1990 (D.N.J.):
  Labaton Sucharow, acting as Lead Counsel for the LongView Collective
  Investment Fund of the Amalgamated Bank, negotiated noteworthy corporate
  governance reforms. Bristol-Myers Squibb ("BMS") has agreed to publicly
  disclose the following information concerning all of its drugs marketed for at least
  one indication: a description of the clinical study design and methodology; results
  of the clinical trials; and safety results, including the reporting of adverse events
  seen during the clinical trials. The disclosures will be posted on BMS's website,
  *www.BMS.com*, as well as an industry website, *www.clinicalstudyresults.org*.
  BMS has agreed to post these disclosures for a 10-year period following approval
  of the settlement, and has further agreed that any modifications to the disclosure
  protocol must be approved by the Court, at the request of Labaton Sucharow as
  Lead Counsel, unless the modifications increase the scope of the disclosures. The
  corporate reform measures obtained in this case exceed the scope of reforms
  obtained by New York State Attorney General Eliot Spitzer in his settlement of an
  action against GlaxoSmithKline ("GSK") arising from the sale of Paxil, an
  antidepressant. The Paxil settlement is limited to drugs sold in the United States,
  whereas as a result of the BMS settlement, the company must post the clinical
  trial results of drugs marketed in any country throughout the world.

- ***The Boeing Company,*** Civ. No. 03 CH 15039 and Civ. No. 03 CH 16301
  (Cook Co., Ill, Ch. Div.): In 2006, Labaton Sucharow, acting as Lead Counsel for
  Plaintiffs in a derivative class action against the directors of The Boeing Company
  ("Boeing"), achieved a landmark settlement establishing unique and far-reaching

- 4 -

corporate governance standards relating to ethics compliance, provisions that obligated Boeing to contribute significant funds over and above base compliance spending to implement the various prescribed initiatives. The terms were well-designed to provide for early detection and prevention of corporate misconduct. They were comprehensive and integrated, enhancing effectiveness by providing for top-down oversight, direction and planning; and buttressed by extensive and coordinated bottom-up and horizontal reporting. They were also designed to enhance Board independence and effectiveness and, by creating a direct reporting role to the Board, the independence of the management level oversight functions.

# NOTABLE LEAD COUNSEL APPOINTMENTS

Labaton Sucharow's institutional and individual investor clients are regularly appointed by federal courts to serve as lead plaintiffs in prominent securities litigations brought under the PSLRA. Since January 2003, dozens of state, city and county public pension funds and union funds have selected Labaton Sucharow to represent them in federal securities class actions and advise them as securities litigation/investigation counsel. Listed below are a few of our current notable Lead Counsel appointments.

*IN RE AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION,*
*No. 04 Civ. 8141 (JES) (S.D.N.Y.)*
Representing the State of Ohio as Lead Plaintiff.

*IN RE ST. PAUL TRAVELERS SECURITIES LITIGATION II,*
*Civ. No. 04-CV-4697 (JRT/FLN) (D. Minn.)*
Representing the Educational Retirement Board of New Mexico as Lead Plaintiff.

*In re JDS Uniphase Corp. Securities Litigation,*
*Civ. No. C 02-1486 CW (N.D. Cal.)*
Representing the Connecticut Retirement Plans and Trust Funds as Lead Plaintiff.

*In re HealthSouth Corporation Securities Litigation,*
*Consolidated Case No. CV-03-BE-1501-S (N.D. Ala.)*
Representing New Mexico State Investment Counsel,
the Educational Retirement Board of New Mexico,
and the State of Michigan Retirement System
as Co-Lead Plaintiffs.

# TRIAL EXPERIENCE

Few securities class action cases go to trial. But when it is in the best interests of its clients and the class, Labaton Sucharow repeatedly has demonstrated its willingness and ability to try these complex securities cases before a jury.

Labaton Sucharow's recognized willingness and ability to bring cases to trial significantly increases the ultimate settlement value for shareholders. For example, in *In re Real Estate Associates Limited Partnership Litigation*, when defendants were unwilling to settle for an amount Labaton Sucharow and its clients viewed as fair, we tried the case with co-counsel for six weeks and obtained a landmark $184 million jury verdict in November 2002. The jury supported plaintiffs' position that defendants knowingly violated the federal securities laws, and that the general partner had breached his fiduciary duties to plaintiffs. The $184 million award was one of the largest jury verdicts returned in any PSLRA action and one in which the plaintiff class, consisting of 18,000 investors, recovered 100% of their damages.

## NOTABLE SUCCESSES

Labaton Sucharow has achieved notable successes in major securities litigations on behalf of its clients and certified investor classes.

- Labaton Sucharow served as Lead Counsel to the Connecticut Retirement Plans and Trust Funds in *In re Waste Management, Inc. Securities Litigation*, Civ. No. H-99-2183 (S.D. Tex.). In 2002, Judge Melinda Harmon approved an extraordinary settlement that provided for recovery of $457 million in cash, plus an array of far-reaching corporate governance measures. At that time, this settlement was the largest common fund settlement of a securities action achieved in any court within the Fifth Circuit and the third-largest achieved in any federal court in the nation. Judge Harmon noted, among other things, that Labaton Sucharow "obtained an outstanding result by virtue of the quality of the work and vigorous representation of the Class."

- Labaton Sucharow served as Lead Counsel representing the class and Lead Plaintiff, the LongView Collective Investment Fund of the Amalgamated Bank, in *In re Bristol-Myers Squibb Securities Litigation*, Civ. No. 00-1990 (D.N.J.). After prosecuting securities fraud claims against BMS for more than five years, Labaton Sucharow reached an agreement to settle the claims for $185 million and significant corporate governance reforms. This settlement is the second largest recovery against a pharmaceutical company, and it is the largest recovery ever obtained against a pharmaceutical company in a securities fraud case involving the development of a new drug. Moreover, the settlement is the largest ever

obtained against a pharmaceutical company in a securities fraud case that did not

involve a restatement of financial results.

- Labaton Sucharow represented the Florida State Board of Administration as Lead

  Plaintiff in *In re Vesta Insurance Group, Inc. Securities Litigation*, Civ.

  No. CV-98-AR-1407 (N.D. Ala.). After years of protracted litigation, Labaton

  Sucharow secured a settlement of $78 million on the eve of trial.

- In *Abrams v. VanKampen Funds, Inc.*, 01 C 7538 (N.D. Ill.), in January

  2006 Labaton Sucharow obtained final approval of a $31.5 million settlement in

  an innovative class action concerning VanKampen's senior loan mutual fund,

  alleging that the fund overpriced certain senior loan interests where market

  quotations were readily available. The gross settlement fund constitutes a

  recovery of about 70% of the class's damages as determined by plaintiffs'

  counsel.

- Labaton Sucharow represented the named New York City pension funds as Lead

  Plaintiff in *In re Orbital Sciences Corp. Securities Litigation*, Civ. No. 99-

  197-A (E.D. Va.). After cross-motions for summary judgment were fully briefed,

  defendants (and Orbital's auditor in a related proceeding) agreed to a

  $23.5 million cash settlement, warrants, and substantial corporate governance

  measures.

- In *In re CapRock Communications Corp. Securities Litigation*, Civ. No. 3-

  00-CV-1613-R (N.D. Tex.), Labaton Sucharow represented a prominent

  Louisiana-based investment adviser in claims alleging violations of the federal

  securities laws. The case settled for $11 million in 2003.

- In the well-known ***In re Prudential Securities Inc. Limited Partnership Litigation***, Civ. No. M-21-67 (S.D.N.Y.), the late Judge Milton Pollack cited the "Herculean" efforts of Labaton Sucharow and its Co-Lead Counsel and, in approving a $110 million partial settlement, stated that "this case represents a unique recovery – a recovery that does honor to every one of the lawyers on your side of the case."

- In ***In re PaineWebber Limited Partnerships Litigation***, Master File No. 94 Civ. 832/7 (SHS) (S.D.N.Y.), Judge Sidney H. Stein approved a settlement valued at $200 million and found "that Class Counsel's representation of the Class has been of high caliber in conferences, in oral arguments and in work product."

- In ***Rosengarten v. International Telephone & Telegraph Corp.***, Civ. No. 76-1249 (N.D.N.Y.), Judge Morris Lasker noted that the Firm "served the corporation and its stockholders with professional competence as well as admirable intelligence, imagination and tenacity."

- In ***In re Prudential-Bache Energy Income Partnerships Securities Litigation***, MDL No. 888, an action in which Labaton Sucharow served on the Executive Committee of Plaintiffs' Counsel, Judge Marcel Livaudais, Jr., of the United States District Court for the Eastern District of Louisiana, observed that:

  > Counsel were all experienced, possessed high professional reputations and were known for their abilities. Their cooperative effort in efficiently bringing this litigation to a successful conclusion is the best indicator of their experience and ability . . . .

  > The Executive Committee is comprised of law firms with national reputations in the prosecution of securities class action and derivative litigation. The biographical summaries submitted by each member of the Executive Committee attest to the

accumulated experience and record of success these firms have compiled.

- In *New York City Employees' Retirement System v. Adelphia Communications Corp.*, Civ. No. 02-CV-3778 (E.D. Pa.), Labaton Sucharow is prosecuting two individual securities actions on behalf of certain New York City Pension Funds and on behalf of the New Jersey Division of Investment, each against Adelphia Communications Corp., its directors, officers, underwriters and auditors. To date, the Court has issued several decisions resolving aspects of the motions to dismiss made by defendants. One of those decisions upheld the standing of the New Jersey Division to sue on behalf of the pension and retirement funds of certain New Jersey State agencies. In addition, the New York City Funds and the New Jersey Division have moved for partial summary judgment against three individual defendants, including John and Timothy Rigas, based upon those defendants' convictions in related criminal proceedings.

- In *STI Classic Funds v. Bollinger Industries, Inc.*, No. 96-CV-0823-R (N.D. Tex.), Labaton Sucharow commenced related suits in both state and federal courts in Texas on behalf of STI Classic Funds and STI Classic Sunbelt Equity Fund, affiliates of the SunTrust Bank, the fifth-largest bank in the United States. As a result of Labaton Sucharow's efforts, the class of Bollinger Industries, Inc. investors on whose behalf the bank sued obtained the maximum recovery possible from the individual defendants and a substantial recovery from the underwriter defendants. Notwithstanding a strongly unfavorable trend in the law in the State of Texas, and strong opposition by the remaining accountant firm defendant,

- 10 -

Labaton Sucharow has obtained class certification and continues to prosecute the case against that firm.

- In *In re Just for Feet Noteholder Litigation*, Civ. No. CV-00-C-1404-S (N.D. Ala.), Labaton Sucharow, as Lead Counsel, represents Lead Plaintiff Delaware Management and the Aid Association for Lutherans with respect to claims brought on behalf of noteholders. On October 21, 2005, Chief Judge Clemon of the U.S. District Court for the Northern District of Alabama preliminarily approved Plaintiffs' settlement with Banc of America Securities LLC, the sole remaining defendant in the case, for $17.75 million. During the course of the litigation, Labaton Sucharow obtained certification for a class of corporate bond purchasers in a ground-breaking decision, *AAL High Yield Bond Fund v. Ruttenberg*, 229 F.R.D. 676 (N.D. Ala. 2005), which is the first decision by a federal court to explicitly hold that the market for high-yield bonds such as those at issue in the action was efficient.

- In *In re InterMune Securities Litigation*, Master File No. 03-2454 SI (N.D. Cal. 2005), Labaton Sucharow commenced an action on behalf of its client, a substantial investor, against InterMune, a biopharmaceutical firm, and certain of its officers, alleging securities fraud in connection with InterMune's sales and marketing of a drug for off-label purposes. Notwithstanding higher pleading and proof standards in the jurisdiction in which the action had been filed, Labaton Sucharow utilized its substantial investigative resources and creative alternative theories of liability to successfully obtain an early, pre-discovery settlement of

$10.4 million. The Court complimented Labaton Sucharow on its ability to obtain a substantial benefit for the Class in such an effective manner.

- In *In re St. Paul Travelers Securities Litigation*, 04-CV-3801 (D. Minn.), Labaton Sucharow was able to successfully negotiate the creation of an all cash settlement fund to compensate investors in the amount of $67.5 million in November 2005. This settlement represents the third-largest securities class action settlement in the Eighth Circuit and one of the top 100 largest settlements of all time.

- In *In re El Paso Corporation Securities Litigation*, Civ. No. H-02-2717 (S.D. Tex.), Labaton Sucharow, representing world renowned oil industry magnate Oscar S. Wyatt, Jr., secured a $285 million class action settlement against the El Paso Corporation. The case involved a securities fraud stemming from the Company's inflated earnings statements, which cost shareholders hundreds of millions of dollars during a four-year span. The settlement was approved by the Court on March 6, 2007.

- Labaton Sucharow serves as Co-Lead Counsel in *In re HealthSouth Securities Litigation*, Civ. No CV-03-BE-1500-S (N.D. Ala.), a case stemming from the largest fraud ever perpetrated in the healthcare industry. In early 2006, Lead Plaintiffs negotiated a settlement of $445 million with Defendant HealthSouth. This partial settlement, comprised of cash and HealthSouth securities to be distributed to the class, is one of the largest in history. Lead Plaintiffs continue their prosecution of the litigation against Richard Scrushy, Healthsouth's former CEO, Ernst & Young, and UBS, among others.

- In *Desert Orchid Partners, L.L.C. v. Transactions Systems Architects, Inc.*, Civ. No. 02 CV 533 (D. Neb.), Labaton Sucharow represented the Genesee Employees' Retirement System as Lead Plaintiff in claims alleging violations of the federal securities laws. On March 2, 2007, the Court granted final approval to the settlement of this action for $24.5 million in cash.

Among the institutional investor clients Labaton Sucharow represents and advises are:

Academy Capital Management
Baltimore County Employees' Retirement System
Boston Retirement Board
California Public Employees' Retirement System
Connecticut Retirement Plans and Trust Funds
Diamond A. Partners, L.P.
Genesee County Employees' Retirement System
LongView Collective Investment Fund of the Amalgamated Bank
Maryland State Retirement System
The Commonwealth of Massachusetts
The State of Michigan Retirement System
Pirate Capital
San Francisco Employees' Retirement System
St. Denis J. Villere & Co.
Steamship Trade Association of Baltimore, Inc. –
International Longshoremen's Association Pension Fund

# COMMENTS ABOUT OUR FIRM BY THE COURTS

Many federal judges have commented favorably on the Firm's expertise and results achieved in securities class action litigation. Judge John E. Sprizzo complimented the Firm's work in *In re Revlon Pension Plan Litigation*, Civ. No. 91-4996 (JES) (S.D.N.Y.). In granting final approval to the settlement, Judge Sprizzo stated that "[t]he recovery is all they could have

gotten if they had been successful. I have probably never seen a better result for the class than you have gotten here."

Labaton Sucharow was a member of the Executive Committee of Plaintiffs' Counsel in *In re PaineWebber Limited Partnerships Litigation*, Master File No. 94 Civ. 8547 (SHS). In approving a class-wide settlement valued at $200 million, Judge Sidney H. Stein of the Southern District of New York stated:

> The Court, having had the opportunity to observe first hand the quality of Class Counsel's representation during this litigation, finds that Class Counsel's representation of the Class has been of high caliber in conferences, in oral arguments and in work product.

Judge Lechner, presiding over the $15 million settlement in *In re Computron Software Inc. Securities Class Action Litigation*, Civ. No. 96-1911 (AJL) (D.N.J.), where Labaton Sucharow served as Co-Lead Counsel, commented that

> I think it's a terrific effort in all of the parties involved . . . , and the co-lead firms . . . I think just did a terrific job.

> You [co-lead counsel and] Mr. Plasse, just did terrific work in the case, in putting it all together . . . .

## PRO BONO ACTIVITIES

Our attorneys devote substantial time to pro bono activities. Many of our attorneys participated in the Election Protection Program sponsored in 2004 by the Lawyers Committee for Civil Rights Under the Law to ensure that every voter could vote and every vote would count. In addition, the Firm's attorneys devote their time to pro bono activities in the fields of the arts, foundations, education, and health and welfare issues.

# ATTORNEYS

Among the attorneys at Labaton Sucharow who are involved in the prosecution of securities actions are partners Edward Labaton, Lawrence A. Sucharow, Mark S. Arisohn, Eric J. Belfi, Joel H. Bernstein, Thomas A. Dubbs, Louis Gottlieb, Barbara J. Hart, Russel N. Jacobson, James W. Johnson, Christopher J. Keller, Christopher J. McDonald, Jonathan M. Plasse, Hollis L. Salzman, Ira A. Schochet, Joseph V. Sternberg; of counsel attorneys Martis Alex, Jonathan Gardner, David J. Goldsmith, Anthony J. Harwood. Richard T. Joffe; and associates Kelso Anderson, Aya Bouchedid, Javier Bleichmar, Peter W. Brueggen, Donald P. Delaney, Alan I. Ellman, Joseph A. Fonti, Ann E. Gittleman, Julie Hwang, Renu Kripalani, Craig A. Martin, Barry M. Okun, Andrei V. Rado, Zachary M. Ratzman, Serena Richardson, Michael H. Rogers, Eric S. Schachter, Michael W. Stocker, Stefanie J. Sundel, Krista Thomas, Shelley Thompson, Stephen W. Tountas, Ethan D. Wohl, and Nicole M. Zeiss.  A short description of the qualifications and accomplishments of each follows.

## *EDWARD LABATON, PARTNER*                          *elabaton@labaton.com*

An accomplished trial lawyer and Senior Partner with the Firm, Edward Labaton has devoted his 50 years of practice to representing a full range of clients in class action and complex litigation matters in state and federal court. Mr. Labaton has played a lead role as plaintiffs' class counsel in a number of successfully prosecuted high profile cases, involving companies such as PepsiCo, Dun & Bradstreet, Financial Corporation of America, ZZZZ Best, Revlon, GAF Co., American Brands, Petro Lewis and Jim Walter, as well as several Big Eight (now Four) accounting firms. He has also argued appeals in state and federal courts, achieving results with important precedential value.

Mr. Labaton has been President of the Institute for Law and Economic Policy since its founding in 1996. The Institute co-sponsors at least one annual symposium with a major law school dealing with issues relating to the civil justice system. He is also a member of the Advisory Committee of the Weinberg Center for Corporate Governance of the University of Delaware, a Director of the Lawyers' Committee for Civil Rights under Law, a member of the American Law Institute, and a life member of the ABA Foundation. In addition, Mr. Labaton has served on the Executive Committee and has been an officer of the Ovarian Cancer Research Fund since its inception in 1996.

Mr. Labaton is the past Chairman of the Federal Courts Committee of the New York County Lawyers Association, and was a member of the Board of Directors of that organization. He is an active member of the Association of the Bar of the City of New York, where he was Chair of the Senior Lawyers' Committee and served on its Task Force on the Role of Lawyers in Corporate Governance. He has also served on its Federal Courts, Federal Legislation, Securities Regulation, International Human Rights and Corporation Law Committees. He also served as Chair of the Legal Referral Service Committee, a joint committee of the New York County Lawyers' Association and the Association of the Bar of the City of New York. He has been an active member of the American Bar Association, the Federal Bar Council and the New York State Bar Association, where he has served as a member of the House of Delegates.

For more than 30 years, he has lectured in the areas of federal civil litigation, securities litigation and corporate governance. Mr. Labaton graduated *cum laude* with a B.B.A. from Baruch College, City College of New York in 1952 and earned his LL.B. from Yale University in 1955. He is admitted to practice in New York and the United States Supreme Court.

**LAWRENCE A. SUCHAROW, CHAIRMAN**                                   *lsucharow@labaton.com*

Lawrence A. Sucharow, a nationally recognized leader of the securities class action bar, is the Chairman, of Labaton Sucharow. In this capacity, he participates in developing the litigation and settlement strategies for virtually all of the class action cases Labaton Sucharow prosecutes.

For more than three decades, Mr. Sucharow has devoted his practice to counseling clients and prosecuting cases on complex issues involving securities, antitrust, business transaction, product liability, and other class actions. Mr. Sucharow has successfully recovered more than $1 billion on behalf of institutional investors such as state, city, county and union pension funds, shareholders of public companies, bondholders, purchasers of limited partnership interests, purchasers of consumer products and individual investors.

Mr. Sucharow recently obtained $225 million in savings for the class of *In re CNL Resorts, Inc. Securities Litigation*. In other recently settled actions, Mr. Sucharow undertook a lead role in obtaining benefits for class members of $200 million (*In re Paine Webber Incorporated Limited Partnerships Litigation*); $110 million partial settlement (*In re Prudential Securities Incorporated Limited Partnerships Litigation*); $91 million (*In re Prudential Bache Energy Income Partnerships Securities Litigation*; and more than $92 million (*Shea v. New York Life Insurance Company*). In approving the *Prudential* settlement, Judge Milton Pollack referred to the efforts of plaintiffs' counsel as "Herculean," stating: "…this case represents a unique recovery – a recovery that does honor to every one of the lawyers on your side of the case."

In addition, in 2002 Mr. Sucharow served as Co-Trial Counsel in a six-week trial of a federal securities law claim on behalf of 18,000 passive investors in the Real Estate Associates limited partnerships. That trial resulted in an unprecedented $182 million jury verdict.

Mr. Sucharow is a member of the Federal Bar Council's Committee on Second Circuit Courts, and the Federal Courts Committee of the New York County Lawyers' Association. He is also a member of the Securities Law Committee of the New Jersey State Bar Association and was the founding chairman of the Class Action Committee of the Commercial and Federal Litigation Section of the New York State Bar Association from 1988-1994. He was honored by his peers by his election to serve as President of the National Association of Shareholder and Consumer Attorneys (NASCAT), a membership organization of approximately 100 law firms which practice complex civil litigation including class actions.

Mr. Sucharow earned a B.B.A., *cum laude*, from Baruch School of the City College of the City University of New York in 1971 and a J.D., *cum laude*, from Brooklyn Law School in 1975.

Mr. Sucharow is admitted to practice in New York and New Jersey and the United States Supreme Court.

## MARK S. ARISOHN, PARTNER                                marisohn@labaton.com

Mark S. Arisohn focuses his practice on securities class action litigation. Mr. Arisohn is an integral member of the team prosecuting the *In re JDS Uniphase Securities Litigation* on behalf of the Lead Plaintiff, Connecticut Retirement Plans and Trust Funds. Mr. Arisohn is also actively involved in other securities class actions that may be headed for trial.

For the past 33 years, Mr. Arisohn specialized in complex criminal and civil litigation with an emphasis on white collar criminal matters. He has appeared in the state and federal courts nationwide, and appeared before the United States Supreme Court in the landmark insider trading case of *Chiarella v. United States*.

Mr. Arisohn brings his extensive trial experience to the prosecution of securities class actions. He has defended individuals and corporations accused of bank fraud, mail and wire fraud, securities fraud and RICO violations. He has represented public officials, individuals and companies in the construction and securities industries as well as professionals accused of regulatory offenses and professional misconduct. He also has appeared as trial counsel for both plaintiffs and defendants in civil fraud matters and corporate and business commercial matters, including shareholder litigation, breach of contract claims, and cases involving such business torts as unfair competition and misappropriation of trade secrets.

A prominent trial lawyer, Mr. Arisohn has also authored numerous articles including "Electronic Eavesdropping," *New York Criminal Practice*, LEXIS - Matthew Bender, 2005; "Criminal Evidence," *New York Criminal Practice*, Matthew Bender, 1986; and "Evidence," *New York Criminal Practice*, Matthew Bender, 1987. He was a contributing author of *Business Crime*, Matthew Bender, 1981.

Mr. Arisohn is an active member of the Association of the Bar of the City of New York and has served on its Judiciary Committee, the Committee on Criminal Courts, Law and Procedure, the Committee on Superior Courts and the Committee on Professional Discipline. He serves as a mediator for the Complaint Mediation Panel of the Association of the Bar of the City of New York and as a hearing examiner for the New York State Commission on Judicial Conduct.

He earned his B.S. and M.S. degrees from Cornell University in 1968 and 1969 and received his J.D. from Columbia University School of Law in 1972.

Mr. Arisohn is admitted to practice in New York and the District of Columbia as well as the following federal courts: the United States Supreme Court; the United States Court of

- 19 -

Appeals for the Second Circuit; and the United States District Courts for the Southern, Eastern and Northern Districts of New York; the Northern District of Texas; and the Northern District of California.

## ERIC J. BELFI, PARTNER                    ebelfi@labaton.com

Eric J. Belfi, a partner in the New York office of Labaton Sucharow, is an accomplished litigator in a broad range of commercial matters. He concentrates his practice in the investigation and initiation of securities and shareholder class actions, with an emphasis on the representation of major international and domestic pension funds and other institutional investors.

Prior to entering private practice, Mr. Belfi served as an Assistant Attorney General for the State of New York and an Assistant District Attorney for the County of Westchester. As a prosecutor, Mr. Belfi investigated and prosecuted numerous white-collar criminal cases, including securities law violations. In this capacity, he presented hundreds of cases to the grand jury and obtained numerous felony convictions after jury trials.

Mr. Belfi is a regular speaker and author on issues involving shareholder litigation, particularly as it relates to international institutional investors. He recently co-authored "The Proportionate Trading Model: Real Science or Junk Science?" 52 *Cleveland St. L. Rev.* 391 (2004-05) and "International Strategic Partnerships to Prosecute Securities Class Actions, Investment & Pensions Europe." In 2005, he was a panelist at a program on U.S. class actions in Vicenzia, Italy. Mr. Belfi has given presentations on the topics of investors' rights and U.S. class actions in Milan, Italy in May of 2006 and April of 2007, respectively.

He received a B.A. from Georgetown University in 1992 and a J.D. from St. John's University School of Law in 1995. Mr. Belfi is an associate prosecutor for the Village of New

Hyde Park, and is also a member of the Federal Bar Council and the Association of the Bar of the City of New York.

Mr. Belfi is admitted to practice in the State of New York as well as the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Michigan, the District of Colorado, and the District of Nebraska.

### JOEL H. BERNSTEIN, SENIOR PARTNER                    *jbernstein@labaton.com*

With more than 30 years' experience in the area of complex litigation, Joel H. Bernstein concentrates his practice in the protection of investors who have been victimized by securities fraud and breach of fiduciary duty.  His expertise in the area of shareholder litigation has resulted in the recovery of hundred of millions of dollars in damages to wronged investors.

Mr. Bernstein advises numerous large public pension funds, hedge funds, other institutional investors and individual investors with respect to securities litigation in the federal and state courts as well as in arbitration proceedings before the New York Stock Exchange, the National Association of Securities Dealers and other self-regulatory organizations.

Mr. Bernstein has played a central role in numerous high profile cases, including *In re Paine Webber Incorporated Limited Partnerships Litigation*, $200 million settlement; *In re Prudential Securities Incorporated Limited Partnerships Litigation*, $130 million settlement; *In re Prudential Bache Energy Income Partnerships Securities Litigation*, $91 million settlement; *Shea v. New York Life Insurance Company*, $92 million settlement; and, *Saunders et al. v. Gardner*, $10 million -- then the largest punitive damage award in the history of the NASD. Most recently, Mr. Bernstein was instrumental in securing a $117.5 million settlement in *In Re Mercury Interactive Securities Litigation*, which as of October 2007 was the largest settlement agreement to date in an options-backdating case.

A leading figure in his area of practice, Mr. Bernstein is frequently sought out by the press to comment on securities law and also has authored numerous articles on related issues, including "Stand Up to Your Stockbroker, Your Rights As An Investor." He is a member of the American Bar Association and the New York County Lawyers Association.

Mr. Bernstein earned a J.D. from Brooklyn Law School in 1975 and received his undergraduate degree from Queens College in 1971.

He is admitted to practice in New York and the following federal courts: the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Third Circuit, and the United States District Court for the Southern and Eastern Districts of New York.

### THOMAS A. DUBBS, SENIOR PARTNER                              *tdubbs@labaton.com*

Thomas A. Dubbs specializes in the representation of institutional investors including pension funds in securities fraud and other types of litigation. A recognized leader in the field, Mr. Dubbs represented the first major private institutional investor to become a lead plaintiff in a class action under the Private Securities Litigation Reform Act.

Mr. Dubbs currently serves as Lead Counsel in the federal securities fraud class actions brought against AIG on behalf of Lead Plaintiff Ohio (comprised of several of Ohio's retirement systems) as well as Lead Counsel for the class and Lead Plaintiff New Mexico (comprised of several of New Mexico's retirement systems) in the securities class actions against St. Paul Travelers Companies, Inc. in relation to the merger between The St. Paul Companies and Travelers Property Casualty Corporation.

A Labaton Sucharow team led by Mr. Dubbs successfully litigated a class action against Bristol-Myers Squibb, which resulted in a settlement of $185 million and major corporate governance reforms.

Mr. Dubbs also led the team of Labaton Sucharow attorneys that represented the Lead Plaintiff, the Florida State Board of Administrators, in the *Vesta Insurance Group* class action. To date, settlements with the Company and its auditor, KPMG, total more than $79 million, which represents more than 37% of the damages sustained by the class.

Most recently, Mr. Dubbs leads the team prosecuting the *In re HealthSouth Securities Litigation* on behalf of the New Mexico State Investment Council, the Educational Retirement Board of New Mexico, and the Michigan Pension Funds, the Court appointed Co-Lead Plaintiffs for stockholders of HealthSouth Corporation. Mr. Dubbs secured a partial settlement of $445 million from HealthSouth over the massive fraud that led to the healthcare provider's collapse and conviction of numerous former employees.

Prior to joining Labaton Sucharow, Mr. Dubbs was Senior Vice President & Senior Litigation Counsel for Kidder, Peabody & Co. where he represented the firm in many class actions, including the *First Executive* and *Orange County* litigations. Before joining Kidder, Mr. Dubbs was head of the litigation department at Hall, McNicol, Hamilton & Clark, where he was the principal partner representing Thomson McKinnon Securities Inc. in litigation matters including class actions such as the *Petro Lewis* and *Baldwin* United litigations.

He frequently lectures to institutional investors and other groups such as the Government Finance Officers Association, the National Conference on Public Employee Retirement Systems and the Council of Institutional Investors. Most recently, he spoke at the Ohio Forum on Public Retirement.

Mr. Dubbs received a B.A. and a J.D. from the University of Wisconsin in 1969 and 1974, respectively. In 1971, he earned an M.A. from the Fletcher School of Law and Diplomacy

of Tufts University. Mr. Dubbs is a member of the New York State Bar Association and the Association of the Bar of the City of New York. He is admitted to practice in New York.

## LOUIS GOTTLIEB, PARTNER                          lgottlieb@labaton.com

Lou Gottlieb has successfully represented institutional and individual investors in numerous securities and consumer class action cases, resulting in cumulative settlements well in excess of $500 million.

Mr. Gottlieb was an integral part of the Firm's representation of the Connecticut Retirement Plans and Trust Fund in *In re Waste Management, Inc. Securities Litigation*, which resulted in a $457 million settlement, one of the largest settlements ever achieved in a securities class action. The settlement also included corporate governance enhancements, including an agreement by management to support a campaign to obtain shareholder approval of a resolution to declassify its board of directors, and a resolution to encourage and safeguard whistleblowers among the company's employees.

In *In re JDS Uniphase Corporation Securities Litigation*, Mr. Gottlieb successfully argued that draconian confidentiality agreements, which hampered the ability to conduct an investigation of the company's alleged wrongdoing, must be severely limited in scope. As a result, counsel obtained statements from more than 50 former JDS employees related to the allegations in the Second Amended Complaint, which the Court sustained.

Mr. Gottlieb has led litigation teams in the Metromedia Fiber Networks, Maxim Pharmaceuticals, and PriceSmart securities fraud class action litigations as well as a consumer breach of contract class action against New York Life Annuities. He is also helping to lead major class action cases against AIG and related defendants in *In re American International*

*Group Inc. Securities Litigation*, as well as against the company, its top officers and its outside auditor in *In re Mercury Interactive Corp. Securities Litigation*.

Mr. Gottlieb has made presentations on punitive damages at Federal Bar Association meetings and has often spoken on securities class actions for institutional investors.

Mr. Gottlieb graduated first in his class from St. John's School of Law in 1990. Prior to joining Labaton Sucharow, he clerked for the Hon. Leonard B. Wexler of the Eastern District of New York, and he was a litigation associate with Skadden Arps Slate Meagher & Flom.

Mr. Gottlieb is admitted in New York and Connecticut as well as before the United States Court of Appeals for the Fifth Circuit and the United States District Courts for the Southern and Eastern Districts of New York.

### BARBARA J. HART, PARTNER                    bhart@labaton.com

Barbara J. Hart represents a broad range of clients in complex class action litigation, with a particular emphasis on securities and consumer fraud.

Ms. Hart served as counsel to the Office of the Treasurer of the State of Connecticut, representing the Connecticut Retirement Plans and Trust Funds in the *In re Waste Management Securities Litigation*. That litigation, which was settled for $457 million, was the third largest securities class action settlement in history. She also represents the Office of the Treasurer of the State of Connecticut as Lead Plaintiff in the *JDS Uniphase Securities Litigation*, litigating on behalf of shareholders who lost billions when the value of JDSU shares collapsed.

Ms. Hart has recently been Court appointed in the Eastern District of New York federal court as Co-Lead Counsel in the *In re Air Cargo Shipping Services Antitrust Litigation*. The action alleges an international cartel, between many major airlines, that is alleged to have raised prices and surcharges for air shipping services.

Ms. Hart played a key role in a number of class actions that sought to level the playing field between consumers and union benefit funds and prescription drug manufacturers. She was one of the principal litigators responsible for a $65 million settlement with brand name drug manufacturers whose conduct caused pharmacy customers to overpay for their prescription drugs. The settlement benefited consumers in thirteen states, and was lauded by judges across the country for its quality lawyering. Ms. Hart also represented consumers and prescription benefit insurers (both private insurers and union funds) in litigation against DuPont regarding its marketing of Coumadin, which was settled for $44.5 million. Currently, Ms. Hart is counsel to the health and welfare funds of Local 237 of the United Federation of Teachers and of New York State Teachers in various cases combating the rising cost of prescription drugs.

She is the co-author of an article entitled "Antitrust Protections Expanded in New York," *New York Law Journal*, June 22, 1999. In addition, Ms. Hart is regularly called upon to lecture on cutting-edge issues in her field and has appeared before the Council of Institutional Investors, The Federalist Society, The Institute for Law and Economic Policy, the Public Funds Forum and the Practicing Law Institute.

Ms. Hart earned a B.A. from Vanderbilt University in 1982 and an M.A. from the University of North Carolina in 1987. She graduated from Fordham University School of Law in 1992 where she was a member of the *Law Review* and on the Dean's List.

She is admitted to practice in New York and Connecticut as well as the following federal courts: the United States Supreme Court; the United States Courts of Appeals for the Second and Third Circuits; and the United States District Courts for the Southern and Eastern Districts of New York.

**RUSSEL N. JACOBSON, PARTNER**                    *rjacobson@labaton.com*

Russel N. Jacobson is a seasoned litigator with a depth of experience in securities and complex business cases.

Before returning to private practice, Mr. Jacobson served as a federal prosecutor for more than a decade. From 1997 through 2003, Mr. Jacobson served as an Assistant United States Attorney with the United States Attorney's Office for the District of New Jersey. While there, he investigated and prosecuted diverse federal criminal cases, including international money laundering offenses, frauds, and additional federal crimes.

From 1991 through 1997, Mr. Jacobson was a trial attorney with the Fraud Section of the Criminal Division at the United States Department of Justice in Washington, D.C. While at the Fraud Section, Mr. Jacobson investigated and prosecuted complex business crimes, including financial institution fraud, securities fraud, and other white-collar offenses.

During his service as a federal prosecutor, Mr. Jacobson conducted numerous trials and received many awards in recognition of the excellence of his work.

Mr. Jacobson began his legal career by serving as a law clerk to then Judge (now Justice) Anthony M. Kennedy on the United States Court of Appeals for the Ninth Circuit.

Mr. Jacobson earned an A.B., *magna cum laude*, from Harvard College in 1984 and a J.D., *magna cum laude*, from Harvard Law School in 1987.

Prior to joining Labaton Sucharow, Mr. Jacobson was a partner specializing in securities litigation at another well-known plaintiffs' law firm. Earlier in his career, Mr. Jacobson was a litigation associate at a major Washington, D.C. law firm.

Mr. Jacobson is admitted to practice in New York, the District of Columbia, and Massachusetts, and before the following federal courts: the United States District Courts for the

Southern and Eastern Districts of New York, the United States District Court for the District of

Massachusetts, and the United States Court of Appeals for the Fourth Circuit.

**JAMES W. JOHNSON, PARTNER**                                    *jjohnson@labaton.com*

James W. Johnson specializes in complex litigation, with primary emphasis on class

actions involving securities fraud.

Mr. Johnson has successfully litigated a number of high profile securities and RICO class

actions, including: *In re Bristol-Myers Squibb Co. Securities Litigation*, in which the Court, after

approving a settlement of $185 million coupled with significant corporate governance reforms,

recognized Plaintiff's counsel as "extremely skilled and efficient"; *In re HealthSouth Corp.*

*Securities Litigation*, which resulted in a partial settlement of $445 million; *In re Vesta*

*Insurance Group, Inc. Securities Litigation*, which resulted in a partial recovery of $78 million

for the Plaintiff class; and Murphy v. Perelman, which, along with a companion federal action, *In*

*re National Health Laboratories, Inc. Securities Litigation*, brought by Co-Counsel, resulted in a

recovery of $80 million. In *County of Suffolk v. Long Island Lightning Co.*, Mr. Johnson

represented the Plaintiff in a RICO class action, securing a jury verdict after a two-month trial,

which resulted in a $400 million settlement. The Second Circuit, in awarding attorneys' fees to

Plaintiff, quoted the trial judge, Honorable Jack B. Weinstein, as stating "counsel [has] done a

superb job [and] tried this case as well as I have ever seen any case tried."

Mr. Johnson also assisted in prosecuting environmental damage claims on behalf of

Native Americans resulting from the Exxon Valdez oil spill.

Mr. Johnson is the co-author of "RICO: Judiciary Devises New Theories In Effort To

Dismiss Civil Suits," *The National Law Journal*, Feb. 12, 1990, and "Special Trial Issues In

RICO Actions," *Civil RICO 1989*, Practicing Law Institute 1989. He is a member of the

American Bar Association and the Association of the Bar of the City of New York, where he served on the Federal Courts Committee.

Mr. Johnson received a B.A. from Fairfield University in 1977 and a J.D. from New York University School of Law in 1980, where he was the recipient of the Ann Petluck Poses Memorial Award.

### CHRISTOPHER J. KELLER, PARTNER                    ckeller@labaton.com

Christopher J. Keller concentrates his practice in sophisticated securities class action litigation in federal courts throughout the country. Mr. Keller was a member of the trial team that successfully litigated the *In re Real Estate Associates Limited Partnership Litigation* in the United States District Court for the Central District of California. The six-week jury trial resulted in a landmark $184 million plaintiffs' verdict, which is one of the largest jury verdicts since the passage of the Private Securities Litigation Reform Act of 1995.

Mr. Keller is very active in investigating and initiating securities and shareholder class actions. He also concentrates his efforts on educating institutional investors on developing trends in the law and new case theories. Mr. Keller is a regular speaker at institutional investor gatherings as well as a frequent speaker at continuing legal education seminars relating to securities class action litigation.

Mr. Keller is the co-author of an article entitled "Tellabs: PSLRA Pleading Test Comparative, Not Absolute," *New York Law Journal*, October 3, 2007.

Mr. Keller received a B.S. from Adelphi University in 1993 and a J.D. from St. John's University School of Law in 1997. He is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York. He is a member of several

professional groups, including the New York State Bar Association and the New York County Lawyers' Association.

### CHRISTOPHER J. MCDONALD, PARTNER                    cmcdonald@labaton.com

Christopher J. McDonald, a member of the Firm's Antitrust Practice Group, represents businesses, associations and individuals injured by anticompetitive activities. Mr. McDonald's practice also involves representing institutional investors in securities fraud cases.

Mr. McDonald was part of the team that successfully litigated *In re Bristol-Myers Squibb Securities Litigation*, in which Labaton Sucharow secured a $185 million settlement on behalf of Bristol-Myers Squibb shareholders, as well as meaningful corporate governance reforms. He has also worked on *In re Natural Gas Commodity Litigation*, a still active case that to date has generated almost $73 million in settlement funds for a class of traders who purchased, sold or settled New York Mercantile Exchange contracts.

In an ongoing case, *In re TriCor Indirect Purchaser Antitrust Litigation*, Mr. McDonald represents end-payors of the prescription drug TriCor (e.g., union health and welfare funds and consumers), who claim that the drug's manufacturer and U.S. marketer unlawfully impeded the introduction of lower-priced generic alternatives to TriCor. Other cases in which Mr. McDonald is currently involved include the *Air Cargo Shipping Services* and *Foundry Resins* antitrust cases.

A litigator for most of his career, Mr. McDonald also has in-house and regulatory experience. As a senior attorney with a telecommunications company he regularly addressed legal, economic and public policy issues before state public utility commissions.

Mr. McDonald received his undergraduate degree, *cum laude*, from Manhattan College in 1985 and a J.D. from Fordham University School of Law in 1992, where he was on the Law Review.

Mr. McDonald is admitted to practice in New York and before the United States Court of Appeals for the Second Circuit and the United States District Courts for the Southern and Eastern Districts of New York.

### JONATHAN M. PLASSE, SENIOR PARTNER                    *jplasse@labaton.com*

An accomplished litigator, Jonathan M. Plasse has devoted over 25 years of his practice to the prosecution of complex cases involving securities class action, derivative, transactional, and consumer litigation. His most recent successes include serving as Co-Lead Counsel, where a $285 million settlement was just recently announced in the securities class action, *Oscar Wyatt, et al. v. El Paso Corp et al.*, and as Lead Counsel in *In re Waste Management Inc. Securities Litigation*, where he represented the Connecticut Retirement Plans and Trusts Funds, and obtained a settlement of $457 million. He also served as Lead Counsel in *Orbital Sciences Corporation Securities Litigation*, where he represented the New York City Pension Funds and secured a $23.5 million settlement on the eve of trial.

Mr. Plasse is a member of the New York State Bar Association and the Association of the Bar of the City of New York. He is admitted to practice in New York.

Mr. Plasse received a B.A. degree, *magna cum laude*, from the State University of New York in Binghamton in 1972. He received a J.D. from Brooklyn Law School in 1976, where he served as a member of the *Brooklyn Journal of International Law*.

**HOLLIS L. SALZMAN, PARTNER**                    hsalzman@labaton.com

Hollis L. Salzman is a partner in the Firm's Antitrust Practice Group.  She represents businesses and consumers in cases involving corporate antitrust conspiracies and other antitrust law violations.  While the focus of her practice involves antitrust cases, she is also involved in litigating the Firm's securities fraud litigation cases.

Ms. Salzman is currently actively engaged in the prosecution of major antitrust class actions pending throughout the United States.  She is presently co-lead counsel in many antitrust cases, including: *In re Abbott Labs Norvir Antitrust Litigation* (N.D. Cal.), *In re OxyContin Antitrust Litigation* (S.D.N.Y), *In re Tamoxifen Antitrust Litigation* (S.D.N.Y.), and *In re Ciprofloxacin Antitrust Litigation* (E.D.N.Y.).  She is also actively involved in other pending major antitrust litigations, including *In re Funeral Antitrust Litigation* (N.D. Cal.), *In re Pineapple Antitrust Litigation* (S.D.N.Y.), *In re New Motor Vehicles Canadian Export Antitrust Litigation* (D. Me.), and *County of Suffolk v. Smithkline Beecham Corporation* (E.D. Pa.).

She also served as co-lead counsel in several antitrust class actions which resulted in extraordinary settlements for consumers and third-party payors.  *In re Buspirone Antitrust Litigation* (MDL 1413) (S.D.N.Y.) ($90 million settlement); *In re Lorazepam & Clorazepate Antitrust Litigation* (MDL 1290) (D.D.C.) ($35.4 million on behalf of third-party payors, and $100 million on behalf of consumers in conjunction with the Federal Trade Commission and State Attorneys General actions); also *In re Maltol Antitrust Litigation* (99 Civ. 5931) (S.D.N.Y.), and *Continental Seasonings Inc. v. Pfizer, Inc., et al.* (99 Civ. 12055) (S.D.N.Y.) ($18.45 million on behalf of direct purchasers of chemical food additives).  Additionally, she was principally responsible for administering a $65 million settlement with certain brand-name prescription drug manufacturers where their conduct allegedly caused retail pharmacy customers to overpay for their prescription drugs.

- 32 -

Ms. Salzman is a committee member of the New York State Bar Association, Commercial & Federal Litigation Section — Antitrust Committee and is co-author of an article entitled "The State of State Antitrust Enforcement," *NYSBA NYLitigator*, Winter 2003, Vol. 8, No. 1. She is also a member of the Association of the Bar of the City of New York Antitrust Committee and Women's Antitrust Bar Association. Ms. Salzman also provides pro bono representation to indigent and working-poor women in matrimonial and family law matters.

### IRA A. SCHOCHET, PARTNER                    ischochet@labaton.com

Ira A. Schochet has 15 years' experience in commercial litigation, with primary emphasis on class actions involving securities fraud.

Mr. Schochet has played a leading role in litigation resulting in multimillion dollar recoveries for class members in cases against Caterpillar, Inc., Spectrum Information Technologies, Inc. and InterMune, Inc. In *Kamarasy v. Coopers & Lybrand*, a securities fraud class action, Mr. Schochet led a team that won a settlement equal to approximately 75% of the highest possible damages that class members could have recovered. The Court in that case complimented him for "the superior quality of the representation provided to the class."

Mr. Schochet represented one of the first institutional investors acting as a Lead Plaintiff in a post-Private Securities Litigation Reform Act case, *STI Classic Funds v. Bollinger, Inc.*, and obtained one of the first favorable rulings interpreting that statute's intent provision.

Most recently, Mr. Schochet negotiated a settlement on behalf of investors in the *InterMune* litigation. In approving the settlement, the Court complimented Mr. Schochet's ability to obtain a significant cash benefit for the class in a very efficient manner, saving the class from additional years of time, expense and substantial risk.

Since 1996, Mr. Schochet has acted as chairman of the Class Action Committee of the Commercial and Federal Litigation Section of the New York State Bar Association. In that capacity, he has served on the Executive Committee of the Section and was the primary author of articles and reports on a wide variety of issues relating to class action procedure. Such issues include revisions to that procedure proposed over the years by both houses of the United States Congress and the Advisory Committee on Civil Procedure of the United States Judicial Conference. Examples include "Proposed Changes in Federal Class Action Procedure, Opting Out On Opting In," and "The Interstate Class Action Jurisdiction Act of 1999." He also has lectured extensively on securities litigation at continuing legal education seminars.

Mr. Schochet earned a J.D. from Duke University School of Law in 1981 and received a B.A., *summa cum laude*, from the State University of New York at Binghamton in 1977. He is admitted to practice in New York, before the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

### JOSEPH V. STERNBERG, PARTNER                   jsternberg@labaton.com

Joseph V. Sternberg is a trial and appellate lawyer with more than 35 years of experience in the areas of civil and class action litigation. He has prosecuted cases that have resulted in the return of hundreds of millions of dollars to class members. Among the numerous landmark cases in which Mr. Sternberg has participated are: *Limmer v. Medallion Group, Inc.*, *Koppel v. Wien*, *In re Energy Systems Equipment Leasing Securities Litigation*, *Koppel v. 4987 Corp.*, *Gunter v. Ridgewood Energy Corp.*, and *In re Real Estate Associates Limited Partnership Litigation*.

Mr. Sternberg authored "Using and Protecting Against Rule 12(b) and 9(b) Motions," *The Practical Litigator*, September 1993.

Mr. Sternberg earned a B.A. from Hofstra University in 1963 and a J.D. from New York University School of Law in 1966. He is admitted to practice in New York, before the United States District Courts for the Southern and Eastern Districts of New York, and before the United States Courts of Appeals for the Second and Third Circuit. He has received a rating of AV from the publishers of the Martindale-Hubble Directory.

## MARTIS ALEX, OF COUNSEL                                        malex@labaton.com

Martis Alex concentrates her practice on prosecuting complex securities fraud cases on behalf of institutional investors. She was a partner at Labaton Sucharow for more than 15 years, and Chair of the Firm's Mass Tort Litigation practice group. Ms. Alex has extensive experience managing complex nationwide litigation, including securities class actions as well as product liability and consumer fraud litigation. She has successfully represented investors and consumers in cases that achieved cumulative recoveries of hundreds of millions of dollars for plaintiffs. After a brief retirement, Ms. Alex rejoined Labaton Sucharow in 2006 as Of Counsel.

Ms. Alex was an integral part of the team that successfully litigated *In re Bristol Myers Squibb Securities Litigation*, where Labaton Sucharow was able to secure a $185 million settlement on behalf of investors, as well as meaningful corporate governance reforms that will affect future consumers and investors alike. She is currently litigating *In re American International Group, Inc. Securities Litigation*, a major securities class action brought by Lead Plaintiff Ohio (comprised of several of Ohio's retirement systems). Ms. Alex was Lead Trial Counsel and Chair of the Executive Committee in *Zenith Laboratories Securities Litigation*, a federal securities fraud class action which settled during trial, and achieved a significant recovery for investors. She also was Chair of the Plaintiffs' Steering Committee in *Napp Technologies*

*Litigation*, where Labaton Sucharow won substantial recoveries for families and firefighters injured in a chemical plant explosion.

Ms. Alex served as Co-Lead Counsel or in a leadership role in several securities class actions that achieved substantial awards for investors, including *Cadence Design Securities Litigation, Halsey Drug Securities Litigation, Slavin v. Morgan Stanley, Lubliner v. Maxtor Corp.* and *Baden v. Northwestern Steel and Wire*. She also served on the Executive Committee or in other leadership roles in national product liability actions against the manufacturers of breast implants, orthopedic bone screws, and atrial pacemakers, and was a member of the Plaintiffs' Legal Committee in the national litigation against the tobacco companies.

Ms. Alex successfully tried more than 20 criminal jury trials as a former Assistant District Attorney in Sacramento, California. She is a frequent speaker at national conferences on product liability and securities fraud litigation, and is a recipient of the American College of Trial Lawyers' Award for Excellence in Advocacy.

Ms. Alex earned a J.D. from McGeorge Law School and a Masters Degree in Psychology from California State College. She is admitted to practice in New York and California and in Federal Courts in several jurisdictions.

### JONATHAN GARDNER, OF COUNSEL                    jgardner@labaton.com

Jonathan Gardner focuses his practice on securities class action litigation. Mr. Gardner currently represents the Successor Liquidating Trustee of Lipper Convertibles, a convertible bond hedge fund, in an action against the Fund's former independent auditor and a member of the Fund's general partner as well as numerous former limited partners who received excess distributions. He has successfully recovered over $2 million for the Successor Liquidating Trustee to date.

Recently Mr. Gardner has worked on a number of significant cases including *In re Mercury Interactive Corp. Securities Litigation, In re Just for Feet Securities Litigation, In re St. Paul Travelers Securities Litigation*, and *In re Escala Group, Inc. Securities Litigation.*

Mr. Gardner recently litigated claims of securities fraud, common law fraud, breach of contract, defamation, and civil RICO violations against CFI Mortgage Inc. and its principals in federal court. Following a five-day jury trial, Mr. Gardner secured a verdict of over $50 million. In April 2005, he participated in the successful trial of a books and records action captioned *Forsythe, et. al. v. CIBC Private Equity Fund.*

For the past 15 years, Mr. Gardner was actively involved in litigating all aspects of commercial and business disputes from pre-dispute investigation and settlement to trials and appeals before state and federal courts, as well as arbitration and mediation forums.

Mr. Gardner earned a B.S.B.A. from American University in 1987 and a J.D. from St. John's University Law School in 1990. He is a member of the New York State Bar Association and The Association of the Bar of the City of New York.

Mr. Gardner is admitted to practice in New York and before the United States District Courts for the Southern and Eastern Districts of New York.

### DAVID J. GOLDSMITH, OF COUNSEL                    dgoldsmith@labaton.com

David J. Goldsmith represents institutional and individual investors in securities fraud and corporate governance litigation, and has achieved substantial recoveries for the Firm's clients and certified investor classes.

Mr. Goldsmith has played a key role in many high-profile securities litigations, including a series of cases alleging that mutual funds sold by Van Kampen, Morgan Stanley and Eaton Vance defrauded investors by overpricing senior loan interests. Mr. Goldsmith was instrumental

in obtaining a decision in one of these actions, excluding before trial certain opinions of a nationally recognized economist who regularly serves as a defense expert in such cases.

Mr. Goldsmith currently represents plaintiffs in numerous securities litigations, including an action brought on behalf of the Genesee County (Mich.) Employees' Retirement System as Lead Plaintiff against Transaction Systems Architects, Inc., premised on a restatement of previously reported financial results. Recently, Mr. Goldsmith assisted in achieving a substantial settlement in a securities class action against former officers and directors of Metromedia Fiber Network, Inc.

Mr. Goldsmith also assisted in the representation of a number of state pension funds as Lead Plaintiff in the *Waste Management* securities litigation. In 2002, the Court approved a settlement of $457 million, the third-largest common fund settlement ever achieved up to that time. Mr. Goldsmith was a member of the Firm's Lead Counsel team representing several New York City pension funds in a class action against Orbital Sciences Corporation, which resulted in a $22.5 million settlement on the eve of trial. In 2001, Mr. Goldsmith obtained one of the earliest decisions finding that a class action had been improperly removed under the Securities Litigation Uniform Standards Act of 1998.

Mr. Goldsmith frequently lectures on class actions and securities litigation for continuing legal education programs and investment symposia. He is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and New York County Lawyers' Association.

Mr. Goldsmith earned B.A. and M.A. degrees from the University of Pennsylvania. He received a J.D. from the Benjamin N. Cardozo School of Law, where he was managing editor of the *Cardozo Arts & Entertainment Law Journal*. During law school, Mr. Goldsmith served as a

- 38 -

judicial intern to the Honorable Michael B. Mukasey, United States District Judge for the Southern District of New York.

He is admitted to practice in New York and New Jersey and before the following federal courts: the United States Courts of Appeals for the First, Second, Fifth and Eighth Circuits; the United States District Court for the District of New Jersey; and the United States District Courts for the Southern and Eastern Districts of New York.

*ANTHONY J. HARWOOD, OF COUNSEL*                    *aharwood@labaton.com*

Tony Harwood is an accomplished trial lawyer focusing on class action litigation on behalf of investors and consumers who have been injured by violations of federal securities and antitrust laws. He also has a wealth of experience in white collar criminal defense and disputes involving intellectual property.

Mr. Harwood is part of the Lead Counsel team representing the State of Connecticut's Retirement Plans and Trust Funds, which is seeking to recover billions of dollars in investment losses on behalf of its beneficiaries and a class of investors who purchased securities of JDS Uniphase. He also prosecuted securities fraud claims for a group of investors who purchased limited partnership interests in an oil and gas exploration company, and recovered the clients' entire investment.

Mr. Harwood's white collar criminal defense practice has involved several high profile investigations, including Enron's accounting fraud, market timing in the mutual fund industry and public corruption. He has represented clients in federal and state criminal matters and in securities fraud matters before the Securities and Exchange Commission.

In the field of intellectual property litigation, Mr. Harwood's experience includes the prosecution of copyright, trademark and patent infringement claims, and the representation of clients in lawsuits over licensing rights to technology and entertainment products.

Mr. Harwood is a frequent author and presenter on such topics as securities and trademark litigation, alternative dispute resolution and international litigation.

Mr. Harwood is a member of the New York State Bar Association, where he serves on the Executive Committee of the Litigation Section as co-chair of the Committee on Ethics and Professionalism, and is a member of the Securities Litigation Committee. He is also a member of the American Bar Association, where he has served as the vice-chair of the Membership Committee for the Section of International Law and Practice, the chair of the International Law Committee of the Young Lawyers Division and on the Executive Committee of the Young Lawyers Division.

Mr. Harwood earned a B.A. from Cornell University in 1983 and a J.D. from Fordham University in 1987, where he was a member of the *Law Review*. From 1987 to 1988, he served as a law clerk to the Honorable William C. Conner, U.S. District Judge, Southern District of New York.

Mr. Harwood is admitted to practice in New York, the U.S. Courts of Appeals for the Second, Fifth and Federal Circuits, and the U.S. District Courts for the Southern and Eastern Districts of New York.

## RICHARD T. JOFFE, OF COUNSEL                    rjoffe@labaton.com

Richard Joffe's practice focuses on class action litigation, including securities fraud, antitrust and consumer fraud cases. Since joining the Firm, Mr. Joffe has represented such

varied clients as institutional purchasers of corporate bonds, Wisconsin dairy farmers, and consumers who alleged they were defrauded when they purchased annuities.

Prior to joining Labaton Sucharow, Mr. Joffe was an associate at Gibson, Dunn & Crutcher LLP, where he played a key role in obtaining a dismissal of claims against Merrill Lynch & Co. and a dozen other of America's largest investment banks and brokerage firms, who, in *Friedman v. Salomon/Smith Barney, Inc.*, were alleged to have conspired to fix the prices of initial public offerings.

Mr. Joffe also worked as an associate at Fried, Frank, Harris, Shriver & Jacobson where he defended Goldman Sachs & Co. against allegations of securities fraud and professional negligence. In addition, he obtained a successful settlement for several older women who alleged they were victims of age and sex discrimination when they were selected for termination by New York City's Health and Hospitals Corporation during a city-wide reduction in force.

He co-authored "Protection Against Contribution and Indemnification Claims in Settlement Agreements in Commercial Disputes" (Aspen Law & Business, 2000). He is admitted to practice in New York and is a member of the Association of the Bar of the City of New York and the American Bar Association.

Mr. Joffe received a J.D. from Columbia Law School in 1993. He earned a Ph.D. from Harvard University in 1984. He earned a B.A., *summa cum laude*, from Columbia University in 1972.

Long before becoming a lawyer, Mr. Joffe was a founding member of the internationally famous rock and roll group, Sha Na Na.

## KELSO ANDERSON, ASSOCIATE                    kanderson@labaton.com

Kelso L. Anderson concentrates his practice on prosecuting complex securities litigations on behalf of institutional investors. Since joining the Firm, he has been a member of the Co-Lead Counsel team prosecuting the *In re HealthSouth Securities Litigation* on behalf of the New Mexico State Investment Council, the Educational Retirement Board of New Mexico and the Michigan Pension Funds.

Prior to joining Labaton Sucharow, Mr. Anderson served as an associate at Clifford Chance US LLP, where he focused on securities and banking litigation. Mr. Anderson began his career at Chadbourne & Parke LLP, where he worked as an associate in general commercial litigation trained in all phases of litigation before federal and state courts.

Mr. Anderson earned a B.A. from Rutgers College in 1998, where he graduated with honors and with Phi Beta Kappa honors. He earned a J.D. from Rutgers University School of Law in 2002. During law school, he was the Articles Editor of the *Rutgers Law Review* and also served as a teaching associate for Legal Research & Writing. After law school, Mr. Anderson clerked for the Honorable Peter G. Verniero, New Jersey Supreme Court, and the Honorable Eric L. Clay, U.S. Court of Appeals, Sixth Circuit.

Mr. Anderson is admitted to practice in New York and New Jersey, as well as before the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Sixth Circuit.

Mr. Anderson is proficient in Japanese.

## JAVIER BLEICHMAR, ASSOCIATE                    jbleichmar@labaton.com

Javier Bleichmar concentrates his practice in the area of securities class action litigation. Since joining Labaton Sucharow, he has been a member of the team prosecuting the *In re St.*

*Paul Travelers Securities Litigation II* on behalf of the Lead Plaintiff, the Educational Retirement Board of New Mexico.

Mr. Bleichmar earned a B.A. from the University of Pennsylvania in 1992 and a J.D. from Columbia University Law School in 1998. During law school, he was the managing editor of the *Journal of Law and Social Problems*. Additionally, he was awarded the Harlan Fiske Stone Scholar. After law school, Mr. Bleichmar authored the article, "Deportation As Punishment: A Historical Analysis of the British Practice of Banishment and Its Impact on Modern Constitutional Law," 14 *Georgetown Immigration Law Journal* 115 (1999).

Mr. Bleichmar is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

Mr. Bleichmar is a native Spanish speaker, and he is fluent in French.

### *AYA BOUCHEDID, ASSOCIATE*                    *abouchedid@labaton.com*

Aya Bouchedid concentrates her practice on prosecuting complex securities litigations on behalf of institutional investors. Since joining the Firm, she has been a member of the team serving as Lead Counsel in the litigation against Amgen Inc. et al.

Prior to joining Labaton Sucharow, Ms. Bouchedid served as an associate at Wolf Haldenstein Adler Freeman & Herz LLP, where she was involved in all aspects of complex securities litigation and antitrust litigation, including depositions, as well as participation in mediations and settlement negotiations. Ms. Bouchedid began her career at Shearman & Sterling LLP as an associate in the litigation and international arbitration team.

Ms. Bouchedid earned a B.A. in 1998 from the Université de Montréal and a LL.B. & B.C.L., *magna cum laude* (J.D. Equ.) from McGill University Faculty of Law in Montreal. During law school, she was an assistant editor for *Global Governance, Economy & Law: Waiting*

*for Justice* (Taylor and Francis, Inc. 2003). Ms. Bouchedid received the W.R. Jackett Prize in

Taxation and was co-chair of the Orientation Committee.

Ms. Bouchedid is admitted to practice in New York.

She is fluent in French and conversational Arabic.

### PETER W. BRUEGGEN, ASSOCIATE                    pbrueggen@labaton.com

Peter W. Brueggen concentrates his practice on complex litigation, with a particular

emphasis on class actions involving antitrust violations and securities fraud. He is a member of

the team working on the class action against AIG, a case brought following the company's

disclosure of fraud that resulted in a series of stock drops that wiped out more than $40 billion.

Other high profile matters in which he has been involved include *In re El Paso*

*Corporation Securities Litigation*, which recently settled for $285 million and *In re Bristol-Myers*

*Squibb Securities Litigation*, which resulted in a $185 million settlement as well as sweeping

changes to the company's drug development process.

Earlier in his career, Mr. Brueggen played a key role in litigation against the tobacco

industry, representing smokers who were deceived by the tobacco industry with regard to the

addictive properties of cigarettes. He also represented numerous residents and firefighters who

were injured as a result of a chemical plant explosion in New Jersey, which sent harmful toxins

into the air of a surrounding community.

Prior to entering law school, Mr. Brueggen worked in research and production positions

with ABC News.

Mr. Brueggen earned a B.A. from New York University in 1987 and a J.D. from Albany

Law School in 1996. He is admitted to practice law in New York and New Jersey. He is a

member of the American Bar Association, the New York State Bar Association and the New York County Lawyers' Association.

Mr. Brueggen is proficient in German.

### REBECCA R. COHEN, ASSOCIATE                    rcohen@labaton.com

Rebecca R. Cohen represents consumers and businesses in cases involving price fixing, monopolization, and other anticompetitive practices.

Prior to joining Labaton Sucharow, Ms. Cohen served as an associate at Bernstein Liebhard & Lifshitz, LLP, where she was a member of teams prosecuting the *In re Cigna Corp. Securities Litigation* and *In re Royal Dutch/Shell Transport Securities Litigation*. Ms. Cohen focused on all aspects of prosecuting federal securities class action litigations, including: class certification, discovery requests, procedural motions, mediation, summary judgment, and trial preparation.

Ms. Cohen earned a B.A. from Brown University in 2001 and a J.D. from the Benjamin N. Cardozo School of Law in 2005. During law school, she was a Notes Editor for the *Cardozo Journal of Conflict Resolution*, as well as a Legal Intern and Teaching Assistant for the Innocence Project Seminar.

Ms. Cohen is admitted to practice in New York as well as before the United States District Courts for the Southern and Eastern Districts of New York. She is a member of the New York State Bar Association and the Association of the Bar of the City of New York.

### DONALD P. DELANEY, ASSOCIATE                    ddelaney@labaton.com

Don Delaney concentrates his practice on prosecuting complex securities litigations on behalf of institutional investors. Since joining the Firm, he has been a member of the team serving as Lead Counsel in the *In re American International Group, Inc. Securities Litigation*.

Mr. Delaney is an experienced trial lawyer having successfully first-chaired several jury trials, both civil and criminal, in federal and state court. Prior to joining Labaton Sucharow, Mr. Delaney was an Assistant Attorney General for the State of New York, serving under Eliot Spitzer. In that capacity, he obtained substantial civil litigation experience in the Southern and Eastern Districts of New York. Mr. Delaney also has significant litigation experience through his work as a public defender at Legal Aid. He began his legal career as an associate with a major international law firm in New York.

Mr. Delaney earned a B.S. from New York University's Leonard N. Stern School of Business and a J.D. from the University of Michigan Law School, where he was an editor of the *Michigan Journal of Race and Law*. Prior to attending law school, Mr. Delaney was a Research Analyst in the Mergers and Acquisitions department of a preeminent U.S. investment bank.

Mr. Delaney is admitted to practice in the State of New York, as well as the United States District Court for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit.

## ALAN I. ELLMAN, ASSOCIATE                          aellman@labaton.com

Alan I. Ellman is a litigation associate in the Firm's New York office. Mr. Ellman concentrates his practice in securities fraud class actions, working primarily in the Firm's Case Development Group. This select team analyzes potential liability of issuer companies, their officers and directors, and third-party defendants on behalf of individual and institutional investors, as well as beneficiaries of retirement plans. The Group includes three attorneys with many years of experience performing this specialized function, a former senior analyst at a leading financial institution, a damages analyst, and a private investigator who was formerly a Special Agent with the Federal Bureau of Investigation.

Prior to joining Labaton Sucharow, Mr. Ellman practiced securities litigation and regulatory enforcement defense as an associate in the New York office of Chadbourne & Parke LLP.

In September 2006, Mr. Ellman received a Volunteer and Leadership Award from the Housing Conservation Coordinators (HCC) for his *pro bono* service. While at Chadbourne & Parke, he partnered with the HCC to defend a client in Housing Court against a non-payment action, argue an appeal before the Appellate Term concerning an illegal apartment, and staff HCC's housing clinic.

Mr. Ellman received B.S. and B.A. degrees, *cum laude*, from Binghamton University in 1999 and a J.D. degree from Georgetown University Law Center in 2003. Mr. Ellman is admitted to practice in the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

### JOSEPH A. FONTI, ASSOCIATE                                    *jfonti@labaton.com*

Joseph A. Fonti focuses his practice on securities class action litigation. Since joining Labaton Sucharow, he has been a member of the team prosecuting the *In re HealthSouth Securities Litigation* on behalf of the Co-Lead Plaintiff, the New Mexico State Investment Council and the Educational Retirement Board of New Mexico.

Mr. Fonti has successfully litigated complex civil and regulatory securities matters, including obtaining a favorable judgment after trial. Prior to joining Labaton Sucharow, Mr. Fonti was an attorney at Bernstein Litowitz Berger & Grossmann LLP, where he prosecuted securities class actions on behalf of institutional investors, including class actions involving WorldCom, Bristol-Myers, Omnicom, Biovail, and the mutual fund industry scandal. Mr. Fonti's work on these cases contributed to historic recoveries for shareholders, including the

$6.15 billion recovery in the WorldCom litigation and the $300 million recovery in the Bristol-Myers litigation, alleging accounting fraud and improper inventory practices.

Mr. Fonti began his legal career at Sullivan & Cromwell, where he represented several Fortune 500 corporations, focusing on securities matters and domestic and international commercial law. Mr. Fonti also represented clients in complex investigations conducted by federal regulators, including the U.S. Securities and Exchange Commission.

Over the past several years, he has represented victims of domestic violence in affiliation with inMotion, an organization that provides *pro bono* legal services to indigent women.

Mr. Fonti earned a B.A., *cum laude*, from New York University in 1996 and a J.D. from New York University School of Law in 1999, where he was active in the Marden Moot Court Competition and served as a Student Senator-at-Large of the NYU Senate. As a law student, he served as a law clerk to the Honorable David Trager, United States District Court Judge for the Eastern District of New York.

Mr. Fonti is admitted to practice in New York, as well as the United States District Courts for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court.

### ANN E. GITTLEMAN, ASSOCIATE                    *agittleman@labaton.com*

Ann E. Gittleman concentrates her practice on prosecuting complex securities litigations on behalf of institutional investors.

Prior to joining Labaton Sucharow, Ms. Gittleman, a Certified Public Accountant, practiced securities class action litigation as an associate at another New York-based securities class action firm. Ms. Gittleman began her career at Schiavetti, Corgan, Soscia, Diedwards &

Nicholson LLP, where she worked as a litigation associate in professional liability matters before federal and state courts.

Ms. Gittleman earned a B.S. and a B.A. , both *magna cum laude*, from Bryant University in 1999, and received her J.D. from Brooklyn Law School in 2004, where she was a member of both the Moot Court Honor Society and the Securities Law Association. She was also the recipient of the Alexander and Emily Mehr Memorial Prize for Excellence in Oral Advocacy. During law school, Ms. Gittleman worked as a Legal Assistant with the Office of the General Counsel at Pricewaterhouse-Coopers LLP where she interacted with governmental organizations, such as the SEC, IRS and Attorney General Office, in coordinating and facilitating investigations of the firm.

Ms. Gittleman is admitted to practice in New York and The Commonwealth of Massachusetts, and before the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, the United States District Court for the District of Massachusetts, and the United States District Court for the District of Connecticut.

### *JULIE HWANG, ASSOCIATE*                                    *jhwang@labaton.com*

Julie Hwang focuses her practice primarily on securities fraud litigation. Since joining the Firm, she has been a member of the team serving as Lead Counsel in the *In re General Motors Corp. Securities Litigation.*

Ms. Hwang earned a B.A. from the University of California, Los Angeles in 2003 and a J.D. from Brooklyn Law School in 2007.

During law school, she served as a summer associate at Labaton Sucharow, where she researched and drafted memoranda in the areas of securities law, antitrust, civil procedure and professional responsibility.  Ms. Hwang also served as a student law clerk for the Honorable

Joseph M. McLaughlin, U.S. Court of Appeals, Second Circuit, and was a legal intern for the King's County District Attorney.

Ms. Hwang is proficient in Korean.

## RENU KRIPALANI, ASSOCIATE                                 rkripalani@labaton.com

Renu Kripalani focuses her practice primarily on securities fraud litigation. Currently, Ms. Kripalani is part of the Co-Lead Counsel team prosecuting the *In re HealthSouth Securities Litigation* on behalf of the New Mexico State Investment Council, the Educational Retirement Board of New Mexico and the Michigan Pension Funds.

Prior to joining Labaton Sucharow, Ms. Kripalani, a Certified Public Accountant, was a Sarbanes-Oxley Compliance Manager for the Corporate Governance Team at AT&T. Ms. Kripalani also worked at Avon Products, Inc. as a Senior Auditor, where she led financial and operational audits in manufacturing and distribution locations throughout Asia, Europe, Latin and Central America. Ms. Kripalani's previous business experience adds further depth to the Labaton Sucharow team in assessing, asserting and litigating securities claims.

Ms. Kripalani earned a B.A. from Monmouth University in 1992 and was a member of Phi Eta Sigma honor society. She earned a J.D. from New York Law School in 1998 and interned for the New York City Civil and Human Rights Clinic, where she represented plaintiffs in housing discrimination and political asylum actions. She also provided forensic accounting and litigation support at the corporate and securities law firm Folkenflik & McGerity while in law school.

Ms. Kripalani is admitted to practice in New York and is a member of the American Institute of Certified Public Accountants.

## CRAIG A. MARTIN, ASSOCIATE                                    *cmartin@labaton.com*

Craig A. Martin focuses his practice in the area of securities and investor protection litigation. Mr. Martin is a member of the Labaton Sucharow team representing the Successor Liquidating Trustee of Lipper Convertibles, L.P. and Lipper Fixed Income Fund, L.P., failed convertible hedge funds, in actions against the Fund's former independent auditors and members of the Fund's management team. He is also a member of the Labaton Sucharow team actively litigating *In re American International Group, Inc. Securities Litigation*.

Prior to practicing law, Mr. Martin, a Certified Public Accountant, worked in finance, accounting and auditing positions. At Marsh & McLennan Companies, he developed and implemented working capital metrics, and valued and analyzed potential M&A transactions. In addition, he worked for a Fortune 500 pharmaceutical company, where he was responsible for analyzing the monthly performance of the pharmaceutical operations. Mr. Martin began his professional career at Deloitte & Touche, where, for almost five years, he specialized in auditing financial services companies. Mr. Martin's previous business experience adds further depth to the Labaton Sucharow team in assessing, asserting and litigating securities claims.

Mr. Martin earned a B.S. in Accounting from Ithaca College in 1990. He earned a J.D. in 2004 from Seton Hall University's School of Law. While in law school, Mr. Martin was a participant in the Eugene Gressman Moot Court Competition, was appointed a member of the Appellate Advocacy Moot Court Board, and was awarded Best Brief and Best Oralist in his Appellate Advocacy class. In 2004, Mr. Martin earned an M.B.A. from New York University's Leonard N. Stern School of Business.

Mr. Martin is admitted to practice in New York, New Jersey and the U.S. District Court of New Jersey. He is a member of the American Institute of Certified Public Accountants, New Jersey Society of Certified Public Accountants and the American Bar Association.

- 51 -

### BARRY M. OKUN, ASSOCIATE                    *bokun@labaton.com*

Barry Michael Okun is a seasoned trial and appellate lawyer with more than 20 years' experience in a broad range of commercial litigation. Mr. Okun has litigated several leading commercial law cases, including the first case in which the United States Supreme Court ruled on issues relating to products liability.

Mr. Okun has argued appeals before the United States Court of Appeals for the Second Circuit and the Appellate Divisions of three out of the four judicial departments in New York State. He has appeared in numerous trial courts throughout the country.

Mr. Okun received a B.A. from the State University of New York at Binghamton and is a *cum laude* graduate of the Boston University School of Law, where he was Articles Editor of the *Law Review*.

He is admitted to practice in New York and before the United States Supreme Court, the United States Court of Appeals for the First, Second, Seventh and Eleventh Circuits, and the United States District Courts for the Southern and Eastern Districts of New York.

### ANDREI V. RADO, ASSOCIATE                    *arado@labaton.com*

Andrei V. Rado joined Labaton Sucharow's New York office as an associate in the summer of 2006. His practice focuses primarily on securities class action litigation.

Mr. Rado previously served as an in-house attorney at a large New York-based investment bank, where he focused on issues relating to the resale of restricted and control securities. Mr. Rado also practiced securities and consumer class action litigation as an associate at another New York-based securities class action firm.

He earned a B.A., *summa cum laude*, from the State University of New York at Buffalo in 1996 and a J.D. from St. John's University School of Law in 1999, graduating *cum laude*.

During law school, he served as a senior member of the *New York International Law Review* and published a case comment regarding international arbitration (12 N.Y. Int'l. L. Rev. 97).

Mr. Rado is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York. He is a member of the American Bar Association and the New York State Bar Association.

### ZACHARY M. RATZMAN, ASSOCIATE          zratzman@labaton.com

Zachary M. Ratzman concentrates his practice in the area of securities fraud litigation. He currently serves as the senior associate in charge of prosecuting *In re American International Group, Inc. Securities Litigation*. He has played key roles in other noteworthy actions, including *In re Bristol-Myers Squibb Securities Litigation* and *Consolidated Edison, Inc. v. Northeast Utilities*.

Prior to joining Labaton Sucharow, Mr. Ratzman practiced white collar criminal defense and complex commercial litigation as an associate in the New York offices of Skadden Arps Slate Meagher & Flom LLP and Patterson Belknap Webb & Tyler LLP. He also served as a law clerk to the Honorable Harold Baer, Jr., U.S. District Judge in the U.S. District Court for the Southern District of New York.

Mr. Ratzman maintains a strong commitment to *pro bono* work. He has served as a non-partisan election monitor in Cleveland, Ohio during the 2004 presidential election, and represented indigent criminal defendants throughout the appellate process in the New York state courts.

Mr. Ratzman received his B.A. from Ohio University, where he graduated *summa cum laude* and with Phi Beta Kappa honors. He earned his J.D. from the University of Michigan Law School, where he graduated *magna cum laude* and as a member of the Order of the Coif. While

in law school, he was co-chair of the local chapter of the National Lawyers Guild and served as a teaching assistant in the University's Department of Communications Studies.

Mr. Ratzman is admitted to practice in New York and before the United States District Courts for the Southern and Eastern Districts of New York.

**SERENA RICHARDSON, ASSOCIATE**                     *srichardson@labaton.com*

Serena Richardson focuses her practice on securities class action litigation.

Prior to joining Labaton Sucharow, Ms. Richardson was an attorney at Ohrenstein & Brown LLP, where she participated in various federal and state commercial litigation matters. During her time there, she also defended financial companies in regulatory proceedings and assisted in high-profile coverage litigation matters in connection with mutual funds trading investigations.

Ms. Richardson received a B.A. from Occidental College in 1999 and a J.D. from Boston University School of Law in 2003, where she served as the Note Editor for the *Journal of Science & Technology Law*.

She is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

Ms. Richardson is conversational in Urdu/Hindi.

**MICHAEL H. ROGERS, ASSOCIATE**                     · *mrogers@labaton.com*

Michael H. Rogers focuses his practice on securities class action litigation. Currently, Mr. Rogers is actively involved in the following securities and consumer class action litigation cases: *In re HealthSouth Securities Litigation, In re Mercury Interactive Securities Litigation* and *In re Sears, Roebuck & Co. Tools Marketing and Sales Practice Litigation*.

Prior to joining Labaton Sucharow, Mr. Rogers was an attorney at Kasowitz, Benson, Torres & Friedman LLP, where he practiced securities and antitrust litigation. During his time there, he represented international banking institutions in federal securities and other claims against major banks, auditing firms, ratings agencies and individuals in complex multidistrict litigation. He also represented a major international chemical shipping firm in complex arbitration of antitrust and other claims against conspirator ship owners. Mr. Rogers began his career as an attorney at Sullivan & Cromwell, where he was part of Microsoft's defense team against the "non-settling states" in the remedies phase of the Department of Justice antitrust action against the company.

Mr. Rogers received his B.A., *magna cum laude*, from Columbia University in 1995, and his J.D., *magna cum laude*, from the Benjamin N. Cardozo School of Law in 2001, where he was a member of the *Cardozo Law Review*.

He is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

Mr. Rogers is proficient in Spanish

## ERIC S. SCHACHTER, ASSOCIATE                    eschachter@labaton.com

Eric S. Schachter concentrates his practice in the area of securities class action litigation. He played a primary role in the *El Paso Corp., et al.* securities litigation, which resulted in a $285 million settlement for the class. Currently, he is actively involved in *In re St. Paul Travelers Securities Litigation II* on behalf of the Lead Plaintiff, the Educational Retirement Board of New Mexico.

Earlier in his career, as a summer law clerk at the Firm, he edited the New York section of the American Bar Association's *State Survey of Class Action Law* (2004).

Mr. Schachter earned a B.A. from Syracuse University in 2000 and a J.D. from the Hofstra University School of Law in 2005. During law school, Mr. Schachter clerked for Nassau County Court of Claims Justice Victor M. Ort.

He is admitted to practice in New York as well as the United States District Courts for the Southern and Eastern Districts of New York.

## MICHAEL W. STOCKER, ASSOCIATE                                mstocker@labaton.com

Michael W. Stocker represents clients in commercial litigation, with a primary focus on sophisticated class action matters.

Prior to joining Labaton Sucharow, Mr. Stocker worked as a senior associate at Berman DeValerio Pease Tabacco Burt & Pucillo on securities and antitrust class action cases.

Earlier in his career, Mr. Stocker worked as a senior staff attorney with the United States Court of Appeals for the Ninth Circuit, and completed a legal externship with United States Magistrate Judge (now District Judge) Phyllis J. Hamilton of the Northern District of California.

Mr. Stocker has served on the boards of the University of California San Francisco's AIDS Health Project and AIDS Benefits Counselors, and has worked for the Immigrant HIV Assistance Project and the Volunteer Legal Services Program in San Francisco as well as Legal Assistance for Seniors in Oakland, California.

Mr. Stocker earned a B.A. from the University of California, Berkeley, in 1989 and a J.D. from the University of California, Hastings College of Law, in 1995, and a Master of Criminology degree from the Law Department of the University of Sydney in 2000. He is admitted to practice in California and New York as well as before the United States District Courts for the Northern and Central District of California, and the United States Court of Appeals for the Ninth Circuit.

- 56 -

*STEFANIE J. SUNDEL, ASSOCIATE*                          **ssundel@labaton.com**

Stefanie J. Sundel focuses her practice primarily on securities fraud litigation. Ms. Sundel is part of the Lead Counsel team representing the State of Connecticut's Retirement Plans and Trust Funds, which is seeking to recover billions of dollars in investment losses on behalf of its beneficiaries and a class of investors who purchased securities of JDS Uniphase.

Prior to joining Labaton Sucharow, Ms. Sundel was an associate at the law firm of Abbey Gardy LLP, where she concentrated on securities fraud litigation. During her time at Abbey Gardy, she was a member of the team litigating *In re Adelphia Communications Corp. Securities & Derivative Litigation*.

Ms. Sundel obtained a B.A. from Franklin College Switzerland in 2001, where she graduated magna cum laude. She received a J.D. from New York Law School with honors in 2004.

Ms. Sundel is admitted to practice in New York and before the United States District Court for the Southern District of New York. She is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York and the New York County Lawyers' Association.

She is fluent in Italian.

*KRISTA THOMAS, ASSOCIATE*                          **kthomas@labaton.com**

Krista Thomas concentrates her practice in the area of securities class action litigation. She is a member of the team litigating the federal securities fraud class action against AIG, representing as Lead Plaintiff several Ohio pension funds.

Ms. Thomas earned a B.A. from Bowdoin College in 2002 and a J.D. from the Benjamin N. Cardozo School of Law in 2006. During law school, she was selected to participate in the

Securities Arbitration Clinic, where she represented investors in arbitration actions against

securities brokers. Additionally, Ms. Thomas served as the Articles Editor of the *Cardozo Law

Review*. In March 2006, she was awarded third place in the 2005-2006 national writing

competition sponsored by the Association of Securities and Exchange Commission Alumni

(ASECA) for her Note entitled "Staying in Court While Staying Discovery: Finding Exceptions

for Government-Produced Documents Under the PSLRA."

Ms. Thomas is admitted to practice in Massachusetts. She currently has an application

for bar admission pending in New York.

---

### SHELLEY THOMPSON, ASSOCIATE                                    sthompson@labaton.com

Shelley Thompson represents plaintiffs in securities, antitrust, and consumer class

actions. She has played a key role in initiating several major securities-related matters, including

suits against AIG, The St. Paul Travelers Companies Inc., R&G Financial Corp., Marsh &

McLennan Companies Inc., Federal National Mortgage Association, HealthSouth Corp.,

Mercury Interactive Corp., General Motors Corp., DHB Industries, Inc., International Business

Machines Corp., Hilb Rogal & Hobbs Co., and iMergent, Inc.

Ms. Thompson has also performed extensive pro bono litigation and volunteer work on

behalf of foreign-born residents. Notably, she was responsible for changing the law in New

York to enable condominium unit owners to sue their building's managers, accountants, sponsor

and board members derivatively for harm to their building.

Ms. Thompson earned a B.A. from the University of Colorado in 1996 and received a

J.D. and M.A. in International Affairs from American University in 2001. While in law school,

she completed an internship on the United States Court of Appeals for the Fourth Circuit, and

served as a student attorney in the International Human Rights Law Clinic. Prior to law school,

- 58 -

Ms. Thompson was the Director of Investor Relations for a company that traded on U.S. and international exchanges.

She is a member of the International Section of the American Bar Association, the New York State Bar Association, and the International Bar Association.

Ms. Thompson is admitted to practice in New York and New Jersey as well as before the United States District Courts for the District of New Jersey and the Southern District of New York.

Ms. Thompson is proficient in Spanish.

**STEPHEN W. TOUNTAS, ASSOCIATE**                     *stountas@labaton.com*

Stephen W. Tountas concentrates his practice in the area of securities class action litigation. Since joining Labaton Sucharow, he has been a member of the team prosecuting the *In re Amkor Technology, Inc. Securities Litigation*, arising, in part, from the options backdating scandal at Amkor.

Prior to joining Labaton Sucharow, Mr. Tountas practiced securities litigation at Bernstein Litowitz Berger & Grossmann LLP, where he prosecuted securities class actions on behalf of institutional investors. During his time there, he actively prosecuted the *In re OM Group, Inc. Securities Litigation*, which resulted in a settlement of $92.4 million, as well as cases involving Biovail Corp., MasTec, Inc., Collins & Aikman Corp. and Scottish Re Group.

Mr. Tountas earned a B.A. from Union College in 2000 and a J.D. from Washington University Law School in 2003. As a law student, he served as Editor-in-Chief of the *Journal of Law & Policy* and was a finalist in the Environmental Law Moot Court Competition. Additionally, Mr. Tountas worked as Research Assistant to Joel Seligman, one of the country's foremost experts on securities law. In May 2003, he received the Scribe's Award in recognition

of his Note entitled, "Carnivore: Is the Regulation of Wireless Technology a Legally Viable Option to Curtail the Growth of Cybercrime?", 11 *Wash. U. J.L. & Pol'y* 351.

Mr. Tountas is admitted to practice in New York and New Jersey.

### ETHAN D. WOHL, ASSOCIATE                                        ewohl@labaton.com

Ethan D. Wohl focuses his practice on securities class action litigation. Representative securities fraud actions in which Mr. Wohl has played an active role include *In re Star Gas Securities Litigation*, *In re Take-Two Interactive Securities Litigation* and *In re IBM Securities Litigation*. Mr. Wohl has also represented major U.S. and European institutional investors in evaluating and prosecuting individual securities fraud cases, with a particular emphasis on claims involving misconduct outside of the United States.

Prior to joining Labaton Sucharow, Mr. Wohl served as the general counsel of the New York City Housing Partnership and served in management positions at New York City's housing and public assistance agencies. He also established a community-based job training program for ex-offenders in Brooklyn, New York.

Mr. Wohl received a B.A., with honors, from the University of Chicago in 1989 and received a J.D. from the New York University School of Law in 1993, where he graduated *magna cum laude* and was a member of the Order of the Coif. Following law school, he served as law clerk to the Honorable Denis R. Hurley, United States District Judge, Eastern District of New York.

Mr. Wohl is admitted to practice in New York, New Jersey and Florida, in the United States Court of Appeals for the Second Circuit, and in the United States District Courts for the Southern and Eastern Districts of New York, the District of New Jersey and the Southern District of Florida.

## NICOLE M. ZEISS, ASSOCIATE                    *nzeiss@labaton.com*

Nicole M. Zeiss works principally in the area of securities class action litigation. Before joining Labaton Sucharow, Ms. Zeiss worked for MFY Legal Services, practicing in the area of poverty law and at Gaynor & Bass doing general complex civil litigation, particularly representing the rights of freelance writers seeking copyright enforcement.

Ms. Zeiss was part of the team that successfully litigated *In re Bristol-Myers Squibb Securities Litigation*. Labaton Sucharow was able to secure a $185 million settlement on behalf of investors, as well as meaningful corporate governance reforms that will affect future consumers and investors alike. She has also litigated on behalf of investors who have been damaged by fraud in telecommunications and banking industries.

Ms. Zeiss maintains a commitment to pro bono legal services by continuing to assist mentally ill clients in a variety of matters—from eviction proceedings to trust administration.

Ms. Zeiss earned a B.A. from Barnard College in 1991 and a J.D. from Benjamin N. Cardozo School of Law in 1995. She is admitted to practice in New York.

# EXHIBIT E

 **KIRBY McINERNEY & SQUIRE, LLP**

## FIRM RESUMÉ

At Kirby McInerney & Squire, LLP, we bring experience, intelligence, creativity and dedication to bear in defending our clients' interests against losses in cases of corporate malfeasance. Unfortunately, on the heels of the exposure of colossal corporate frauds – Enron, Worldcom and others – public and private investors, consumers, payors and employees today participate in an uncertain marketplace, and they need protection. We utilize cutting-edge strategies that bring high – and have even brought unprecedented – recoveries for our clients: governmental entities, Taft-Hartley funds, hedge funds, and other aggrieved institutions and individuals. We have achieved and are pursuing landmark results in the fields of securities fraud, corporate governance, consumer, antitrust, health care and ERISA litigation, representing our clients in class actions or, if appropriate, individual litigation.

We make our clients' interests our own, and are constantly looking for ways in which to help them manage the now amplified risks associated with their participation in the marketplace. As part of our focus on risk management, our Institutional Monitoring Program monitors our clients' investment history in order to ensure crucial, immediate awareness of possible fraud. When evidence of fraud surfaces, we partner with our clients to identify and execute a legal strategy that best defends their interests in light of their losses.

We offer our services on a contingency basis, and are paid only if successful in recovering losses in the event of a fraud. This policy allows our clients to access legal rights and remedies that might otherwise be uneconomical. We carefully review the merits of all litigation proceedings, weighing our clients' losses against their chance for recovery, before moving forward with litigation.

We pride ourselves on our proven ability to protect our clients through whatever means necessary, whether it be though settlement or, if needed, trial. Additionally, throughout the history of our firm we have recovered billions of dollars for our clients, and the average recoveries that we procure in each individual case are among the very best in the field.

Our services help to offset the unquantifiable risk that corporate malfeasance has introduced into the modern marketplace, and we successfully protect our clients from paying the price for risks they did not willingly undertake.

## Partners

**Roger W. Kirby** attended Stanford University & Columbia College (B.A.) and Columbia University School of Law (J.D.). He also attended The Hague Academy of International Law and was an International Fellow at law school. Thereafter, he was law clerk to the (late) Honorable Hugh H. Bownes, United States District Court for New Hampshire and subsequently the Court of Appeals for the First Circuit. Mr. Kirby has written articles on litigation and the Federal Rules of Civil Procedure and Federal Rules of Evidence that have been published by various reporters and journals and is on the board of editors of Class Action Reports. He has also lectured on aspects of securities litigation. Mr. Kirby has enjoyed considerable success as a trial attorney, and cases for which he has had primary responsibility have produced landmark decisions in the fields of securities law, corporate governance, and deceptive advertising.

Notable cases include *Reynolds v. Beneficial National Bank,* 288 F.3d 277 (7th Cir. 2002), *Gerber v. Computer Associates International, Inc.* 303 F.3d 126 (2d Cir. 2002), and *In re Cendant Corporation PRIDES Litigation*, Master File No. 98-2819 (WHW), D.N.J. (2002). Mr. Kirby is admitted to the New York State Bar and the United States District Courts for the Southern, Northern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits and the United States Supreme Court.

**Alice McInerney** was Chief of the New York Attorney General's Investor Protection and Securities Bureau and Deputy Chief for its Antitrust Bureau. She previously was the Chair of the Enforcement Section of the North American Securities Administrators Association and also chaired the Multi-State Task Force on investigations for the National Association of Attorneys General. Ms. McInerney specializes in antitrust and consumer matters, and also handles securities cases.

Notable cases include *Bartold v. Glendale Federal Bank* (2000) 81 Cal. App.4th 816, review denied (Oct 18, 2000), co-lead counsel in the Microsoft litigation and co-counsel in *In re Visa Check/MasterMoney Antitrust Litigation,* (No. 96 CV 5238, E.D.N.Y.). The Visa case resulted in an antitrust settlement of over $3 billion for retailers nationwide. She is a member of the Association of the Bar of the City of New York and of the National Association of Public Pension Attorneys. Ms. McInerney is admitted to practice in New York and before all the district courts within the State of New York, the Second Circuit Court of Appeals and the United States Supreme Court.

**Jeffrey H. Squire** graduated from Amherst College (B.A., *cum laude*) and the University of Pennsylvania Law School (J.D.). Mr. Squire specializes in securities class action and derivative litigation. In the area of Securities Fraud, Mr. Squire has principally handled well over 100 cases.

Notable cases include *In re Waste Management, Inc. Securities Litigation*, 97 CV 7709 (N.D. Ill. 1999), and *Steiner v. Aurora Foods*, 00 CV 602 (N.D. Cal. 2001). Mr. Squire is admitted to the New York State Bar, the United States District Courts for the Southern, Northern and Eastern Districts of New York, as well as the United States Courts of Appeals for the Second, Third, Fourth, Fifth and Seventh Circuits.

**Randall K. Berger** graduated from Iowa State University with a B.S. in Engineering and worked for a management consulting firm for four years before attending law school. Mr. Berger received his J.D. from The University of Chicago Law School. He served as the lead attorney in a class action arising from the Bennett Funding Group Ponzi scheme (*In re Bennett Funding Group Securities Litigation,* No 96 Civ. 2583 (S.D.N.Y. 1999)), where over $150 million was returned to investors. Mr. Berger is spearheading antitrust litigation against the 27 largest investment banks in the country, alleging price fixing in the market for underwriting initial public stock offerings. Mr. Berger is a certified arbitrator for the National Association of Securities Dealers, which uses arbitration panels to resolve disputes between its member firms and customers, and to resolve intra-industry conflicts.

Mr. Berger is admitted to practice before the bars of the State of New York and the United States District Courts for the Southern, Eastern, and Northern Districts of New York and the District of Colorado.

**Joanne M. Cicala** graduated from Georgetown University School of Foreign Service. She received her J.D. from Fordham University School of Law. Ms. Cicala has written articles concerning class actions, the consequences of failing to preserve class data, and whether privileges attach to internal corporate investigations. Ms. Cicala has considerable experience respecting federal and local government public policy initiatives in the areas of legislation, social services and public welfare. Ms. Cicala specializes in antitrust and consumer fraud matters. She is also the lead KMS attorney in respect of its health care practice, representing the City of New York, and numerous New York Counties. Ms. Cicala also represents public and union employee health benefit funds.

Notable cases include *Reynolds v. Beneficial National Bank*, 288 F.3d 277 (7th Cir. 2002) and *Gerber v. Computer Associates International, Inc.* 303 F.3d 126 (2d Cir. 2002). Ms. Cicala

is admitted to practice before the bars in the States of New York, New Jersey, Texas, the United States District Courts for the Eastern and Southern Districts of New York and the District of New Jersey, and the United States Courts of Appeals for the Second, Seventh and Eighth Districts.

**Daniel Hume** graduated from the State University of New York at Albany, *magna cum laude*, with a B.A. in Philosophy. He received his J.D. from Columbia Law School, where he served as Notes Editor for the Columbia Journal of Environmental Law. Mr. Hume has rendered compliance advice to broker-dealers and contributed to *The Compliance Reporter* securities question and answer column. He has also authored articles on securities and class action matters. Mr. Hume was the firm's principal lawyer in respect of a skein of state antitrust claims against Microsoft. One resolution of these actions, following months of trial, resulted in hundreds of millions of dollars of benefits for consumers.

Mr. Hume is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit.

**Peter S. Linden** graduated from the State University of New York at Stony Brook, B.A. in Political Science (with honors). He received his J.D. from Boston University School of Law. Mr. Linden worked as an assistant district attorney in the Kings County District Attorney's Office from 1984 through October, 1990, where he served as a supervising attorney of its Economic Crimes Bureau. Since joining the firm in 1990, Mr. Linden has been engaged in the prosecution of complex securities and consumer class actions throughout the United States.

Mr. Linden has successfully prosecuted numerous cases in federal and state courts, which have resulted in favorable recoveries for shareholders and consumers. Recently, he represented two major insurance companies in a securities class action, *In re Laidlaw Bondholders Litigation*, which resulted in a settlement worth many tens of millions of dollars. Mr. Linden served as Chairman of the Plaintiffs' Steering Committee in *In re MCI Non-Subscriber Litigation*, an action that ultimately settled for nearly $100 million cash.

Notable cases include *Carnegie v. Household International Inc., et al.*,376 F.3d 656 (7th Cir. 2004); and *In re eBay, Inc. Shareholder Litigation*, 2004 WL 253521 (Del. Ch.). Mr. Linden is admitted to practice before the bars of the State of New York, the United States District Courts for the Eastern and Southern Districts of New York, and the United States Courts of Appeals for the Sixth and Eighth Circuits. He is a member of the Association of the Bar of the City of New York and of the National Association of Public Pension Attorneys.

**Ira M. Press** graduated from Yeshiva University (B.A.) and New York University Law School (J.D.). Mr. Press has specialized in securities and consumer class action litigation in federal and state courts throughout the United States. His advocacy has resulted in several landmark appellate decisions including, *Rothman v. Gregor*, 220F.3d 81 (2d Cir. 2000), the first appellate reversal of a lower court's dismissal of a securities class action suit pursuant to the 1995 federal securities litigation reform act, and more recently, *Pinker v. Roche Holdings*, 292 F.3d 361 (3d Cir. 2002).

Mr. Press is admitted to practice in New York State, the United States Courts of Appeals for the Second, Third and Eleventh Circuits, and the United States District Courts for the Eastern, Northern and Southern Districts of New York.

**Mark A. Strauss** received his B.A. from Cornell University, where he was a College Scholar. He received his J.D. from Fordham University School of Law, where he was Associate Editor of the Law Review. Mr. Strauss has prosecuted numerous class action cases involving violations of the securities laws and consumer laws. He frequently litigates complex jurisdictional and extraterritorial issues, and claims against major accounting and auditing firms.

Notable cases include *Cromer Finance v. Berger et al.*, 00 Civ. 2284 (S.D.N.Y.), a lawsuit on behalf of defrauded hedge fund investors; Morgado Family Partners v. Lipper et al., Index No. 02/604396 (Sup. Ct., NY Co.), also a hedge fund case; *Argent Classic Convertible Arbitrage Fund v. Amazon.com*, No. C01-0640L (W.D. Wa.); *Rosen v. Textron, Inc.*, C.A. 02-190L (D.R.I.); *In re FTD.Com, Inc. Shareholders Litigation*, Case No. C.A. No.19458-NC (Court of Chancery, New Castle County, Delaware); and *Pinker v. Roche Holdings* Ltd., No. 00-4318, 01-1562 (D.N.J.). Mr. Strauss is admitted to practice before the bars of the State of New York, the United States District Courts for the Eastern and Southern Districts of New York, the State of California and the Northern, Southern and Central Districts of California. He is the co-author of *Are Class Actions Against Broker/Dealers Dead?* Securities Regulation and Law Report, Vol. 36, No. 2, 01/12/2004, pp. 68-72.

## Associates

**James P. Carroll, Jr.** graduated from Duke University (B.A.) and University of Denver (J.D.). He specializes in antitrust, securities and consumer fraud litigation. Most recently, Mr. Carroll served as a member of the trial team for the *In re VisaCheck/MasterMoney Antitrust Litigation*, a civil antitrust case that settled for in excess of $3 billion and, *Gordon v. Microsoft Inc.*, a Minnesota State civil antitrust case that settled for $175 million after nearly two months of trial. Mr. Carroll is admitted to practice in the State of Colorado, the United States District Court for

Colorado, the United States Courts of Appeals for the Ninth and Tenth Circuits, the United States Tax Court, the bars of the states of New York and Texas, and the United States District Courts for the Eastern and Southern Districts of New York.

**Aaron Hovan** graduated from Colgate University (B.A., *cum laude* with Honors) in Economics, and Columbia University School of Law (J.D.). He served as managing editor of the Columbia Journal of Environmental Law. Mr. Hovan specializes in healthcare, consumer fraud, securities and complex litigation. Mr. Hovan is admitted to practice before the bar of the State of New York, and the United States District Courts for the Eastern, Northern and Southern Districts of New York.

**David E. Kovel** attended Yale University (B.A.), Columbia University School of Law (J.D.) and Columbia University School of Business Administration (M.B.A.). He traded commodities for several years before attending law school. He specializes in antitrust, securities and corporate governance matters. Mr. Kovel is admitted to the New York State Bar, the United States District Courts for the Southern and Eastern Districts of New York and the Connecticut State Bar.

**Pamela E. Kulsrud** graduated from Dartmouth College (A.B.), and received her J.D. from Brooklyn Law School where she was Articles Editor on the Journal of International Law. Ms. Kulsrud is the author of a Securities Arbitration Handbook in connection with her experience representing large brokerage firms. Ms. Kulsrud specializes in securities class actions throughout the country and was actively involved in: *In re MTC Technologies Securities Litigation* ($72 million settlement); *In re Waste Management Securities Litigation* (settled for $220 million); *In re Boeing Securities Litigation* ($92 million); and *In re Columbia/HCA Securities Litigation* ($50 million). Ms. Kulsrud is admitted to practice before the Courts of New York State and the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York, and the United States District Court of New Jersey.

**Sarah G. Lopez** graduated from Colgate University (B.A.) and St. John's University School of Law (J.D.), where she was articles Editor for St. John's University Journal of Legal Commentary. Ms. Lopez is admitted to practice before the New York and New Jersey state bars, and the U.S. District Court of the Southern and Eastern Districts of New York.

**Beverly Tse** graduated from California State University of Los Angeles (B.S., *magna cum laude*) and California Western School of Law (J.D.). Ms. Tse is admitted to the State Bar of California, the United States District Court for the Northern and Central Districts of California.

**Edward M. Varga, III** graduated from Cornell University (B.S.) and New York University Law School (J.D.). Mr. Varga is awaiting admission to the New York State bar.

**J. Bradley Vatrt** graduated from Villanova University (B.A.) and Fordham University School of Law (J.D.), where he was Business Editor of the Environmental Law Journal. Mr. Vatrt is admitted to the bar of the State of New York.

**Andrew T. Watt** graduated from Columbia College (B.A.), Yale University (M.A.), and Columbia University School of Law (J.D.), where he was a Harlan Fiske Stone Scholar. Mr. Watt is admitted to practice before the bar of the State of New York, and the United States District Court for the Southern and Eastern Districts of New York.

## Of Counsel

**David A. Bishop** graduated from American University (B.A.) and Fordham School of Law (J.D.). Prior to joining the firm, he served for thirteen years as an elected representative in the Suffolk County (N.Y.) Legislature, holding a variety of leadership posts. Mr. Bishop has received honors from the Nature Conservancy, the Child Care Council, and the Long Island Federation of Labor (AFL-CIO). Mr. Bishop is admitted to practice before the bar of the State of New York, and the United States District Court for the Southern and Eastern Districts of New York.

**Richard L. Stone** received his J.D. from Columbia University where he was an editor of the Columbia Law Review. After law school, Mr. Stone clerked for the Honorable Charles P. Sifton, United States District Judge in the Eastern District of New York. Before joining the firm, Mr. Stone was a partner at Cadwalader, Wickersham & Taft. Mr. Stone specializes in securities and consumer fraud cases. Mr. Stone is admitted to practice before the New York State Bar as well as United States District Court for the Eastern and Southern Districts of New York.

**Henry Telias** received his B.S. in Accounting at Brooklyn College and his J.D. from Hofstra University School of Law. Mr. Telias received his New York C.P.A. license in 1982. Prior to practicing as an attorney, Mr. Telias practiced exclusively as a certified public accountant from 1982 to 1989, including 3 years in the audit and tax departments of what is now known as Deloitte & Touche. Mr. Telias is a member of the Association of Certified Fraud Examiners, the New York State Bar Association, the American Institute of Certified Public Accountants and the New York State Society of Certified Public Accountants. He is admitted to practice before the New York State bar and the United States District Court for the Eastern and Southern Districts of New York.

## Client & Adversary Recognition

*"The case has been in front of the Supreme Court of the United States once, and in front of the Ninth Circuit no fewer than three times. Throughout, [KMS] has . . . brought a considerable degree of success . . . and thwarted attempts by other counsel who sought to settle . . . and destroy a potential billion dollars of class rights."*

**Plaintiff / client, Epstein v. MCA, Inc.**

*"[The KMS firm] proved to be a highly able and articulate advocate. Single-handedly, [KMS] was able to demonstrate not only that [KMS'] client had a good case but that many of the suspicions and objections held by the Nigerian Government were ill-founded."*

**English adversary in The Nigerian Cement Scandal**

*"[KMS] represented us diligently and successfully. Throughout [KMS'] representation of our firm, [KMS'] commitment and attention to client concerns were unimpeachable."*

**European institutional defendant /client**
**involved in a multi-million dollar NASD arbitration**

*"Against long odds, [KMS] was able to obtain a jury verdict against one of the larger, more prestigious New York law firms."*

**Plaintiff / client,**
**Vladimir v. U.S. Banknote Corporation**

*"[KMS] represented our investors with probity, skill, and diligence. There is too much money involved in these situations to leave selection of class counsel to strangers or even to other institutions whose interests may not coincide."*

**Plaintiff / institutional client,**
**In re Cendant Corporation PRIDES Litigation**

Notables

The firm has repeatedly demonstrated its expertise in the field of class litigation and its expertise has been repeatedly recognized. For example:

- *In re Bisys Securities Litigation,* C.A. No. 04-CV-3840 (S.D.N.Y. 2007). Co-lead counsel, $66 million settlement.

> "Nonetheless, in this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case."

- *In re AT&T Corp. Securities Litigation,* C.A. No. 00-CV-8754 (S.D.N.Y. 2006). Sole counsel, $150 million settlement.

- *In re Adelphia Communications, Inc. Securities Litigation,* No. 04 CV 05759 (S.D.N.Y. 2006). Co-lead counsel, $455 million settlement.

> "[T]hat the settlements were obtained from defendants represented by 'formidable opposing counsel from some of the best defense firms in the country' also evidences the high quality of lead counsels' work."

- *Carnegie v. Household International Inc., et al.,* 98 C 2178 (EEB)(N.D.Ill. 2006). Co-lead counsel, $39 million settlement:

> "Since counsel took over the representation of this case . . ., they have pursued this case, conducting discovery, hiring experts, preparing for trial, filing motions where necessary, opposing many motions, and representing the class with intelligence and hard work. They have obtained an excellent result for the class."

- *Argent Convertible Classic Arbitrage Fund, L.P. v. Amazon.com, Inc. et al.,* CV No. 01-0640L (W.D. Wash. Oct. 20, 2005). Lead counsel for class of convertible euro-demoninated bond purchase. $20 million settlement.

- *Muzinich & Co., Inc. et al. v. Raytheon Company et al.,* No. C-01-0284-S-BLW (D. Idaho 2005). Co lead counsel. $39 million settlement.

- *Gordon v. Microsoft Corporation*, Civil No. 00-5994 (Minn. Dist. Ct., Henn. Co. 2004). Co-lead counsel; $175 million settlement following two months of trial.

- *In re Visa Check/MasterMoney Antitrust Litigation*, 96-CV-5238 (E.D.N.Y. 2003) $3 billion monetary settlement; injunctive relief.

- *In re Florida Microsoft Antitrust Litig.*, Case No. 99-27340 CA 11 (Fl. Cir. Ct. 11th Cir., Miami/Dade Co. 2003). Co-lead counsel. $200 million settlement of antitrust claims.

- *In re Churchill Securities, Inc.* (SIPA Proceeding), Case No. 99 B 5346A (Bankr. S.D.N.Y. 2003): Sole Counsel; recovered over $9 million for 500+ victims of pyramid scheme perpetrated by defunct brokerage firm.

- *In re Laidlaw Bondholder Securities Litigation*, 00 cv 2518-17 (D. S.C. 2002). Lead counsel; $42.8 million settlement.

- *Cromer Finance v. Berger et al.* (*In re Manhattan Fund Securities Litigation*), 00 cv 2284 (S.D.N.Y. 2002). Co-lead counsel; $32 million settlement.

- *In re Boeing Securities Litigation*, 97 cv 715 (W.D. Wash. 2001). $92.5 million settlement.

- *In re MCI Non-Subscriber Telephone Rates Litigation*, MDL No. 1275 (S.D. Ill. 2001). Chairman of steering committee; $88 million settlement.

- *In re General Instrument Corp. Securities Litigation*, 01 cv 1351 (E.D. Pa. 2001). Co-lead counsel; $48 million settlement.

- *In re Bergen Brunswig/Bergen Capital Trust Securities Litigation*, 99 cv 1305 and 99 cv 1462(C.D. Cal. 2001). Co-lead counsel; $42 million settlement.

- *Steiner v. Aurora Foods*, 00 cv 602 (N.D. Cal. 2000). Co-lead counsel; $36 million settlement.

- *Gerber v. Computer Associates International, Inc.*, No. 91 C 3610 (E.D.N.Y. 2000). Multimillion dollar jury verdict in securities class action.

•    *Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000). Principal counsel of record in appeal that resulted in first ever appellate reversal of the dismissal of a securities fraud class action under the Securities Reform Act of 1995.

•    *Bartold v. Glendale Federal Bank*, (2000) 81 Cal.App.4th 816. Ruling on behalf of hundreds of thousands of California homeowners establishing banks' duties regarding title reconveyance; substantial damages still to be calculated in this and related cases against other banks for failures to have discharged these duties.

•    *In re Cendant Corporation PRIDES Litigation*, 51 F. Supp. 2d 537, 542 (D. N.J. 1999). Lead counsel, $340 million settlement.  The court said:

> "[R]esolution of this matter was greatly accelerated by the creative dynamism of counsel." * * *  "We have seen the gifted execution of responsibilities by a lead counsel."

•    *In re Waste Management, Inc. Securities Litigation*, No. 97C 7709 (N.D. Ill. 1999). Co-lead counsel, $220 million settlement.

> "...[Y]ou have acted the way lawyers at their best ought to act.  And I have had a lot of cases... in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here... I would say this has been the best representation that I have seen."

•    *In re Bennett Funding Group Securities Litigation*, No. 96 Civ. 2583 (1999). Co-lead  counsel; $140 million in settlements to date ($125 million recovered from Generali U.S. Branch, insurer of Ponzi scheme instruments issued by Bennett Funding Group; $14 million settlement with Mahoney Cohen, Bennett's auditor).   Case continuing against other defendants.

•    *In re MedPartners Securities Litigation*, CV-98-06364 (Ala. June 1999). Co-lead counsel; $56 million settlement.

•    *In re MTC Electronic Technologies Shareholder Litigation*,  No. CV-93-0876 (E.D.N.Y. October 20, 1998). Co-lead counsel; settlement in excess of $70 million.

•    *Skouras v. Creditanstalt International Advisers, Inc., et al.*, NASD Arb., No. 96-05847 (1998).  Following an approximately one month hearing, successfully defeated multi-million dollar claim against major European institution.

- *In re Woolworth Corp. Securities Class Action Litigation,* 94 Civ. 2217 (RO) (S.D.N.Y. Sept. 29, 1997). Co-lead counsel; $20 million settlement.

- *In re Archer Daniels Midland Inc. Securities Litigation,* C.A. No. 95-2877 (C. D. Ill. April 11, 1997). Co-lead counsel; $30 million settlement.

- *Vladimir v. U.S. Banknote Corp.,* No. 94 Civ. 0255 (S.D.N.Y. 1997). Multi-million dollar jury verdict in § 10(b) action.

- *Epstein et al. v. MCA, Inc., et al.,* No. 92-55675, 50 F.3d 644 (9th Cir. 1995) *rev'd and remanded on other grounds, Matsushita Electric Industrial Co., Ltd. et al. v. Epstein et al.,* No. 94-1809, 116 S. Ct. 873 (February 27, 1996). Sole counsel. Appeal resulted in landmark decision concerning liability of tender offeror under section 14(d)(7) of the Williams Act, SEC rule 14d-10 and preclusive effect of a release in a state court proceeding. In its decision granting partial summary judgment to plaintiffs, the court of appeals for the Ninth Circuit stated:

> "The record shows that the performance of the Epstein plaintiffs
> and their counsel in pursuing this litigation has been exemplary."

- *In re Abbott Laboratories Shareholder Litigation,* No. 92-C-3869 MEA, Fed. Sec. L. Rep. ¶ 98,973 (N.D. Ill. 1995). Co-lead counsel; $32.5 million settlement:

> "The record here amply demonstrates the superior quality of plaintiffs'
> counsel's preparation, work product, and general ability before the
> court."

- *In re Morrison Knudsen Securities Litigation,* No. CV 94-334-S-EJL (D. Id. 1995). Co-lead counsel; approximately $68 million settlement.

- *In re T2 Medical Inc. Securities Litigation,* No. 1:94-CV-744-RLV (N.D. Ga. 1995). Co-lead counsel; approximately $50 million settlement.

- *Gelb v. AT&T,* 90 Civ. 7212 (LMM) (S.D.N.Y. 1994). Landmark decision regarding filed rate doctrine leading to injunctive relief.

- *In re International Technology Corporation Securities Litigation,* CV 88-40-WPG, (C.D. Cal. 1993). Co-lead counsel; $13 million settlement.

- *Colaprico v. Sun Microsystems,* No. C-90-20710 (SW) (N.D. Cal. 1993). Co-lead counsel; $5 million settlement.
- *Steinfink v. Pitney Bowes, Inc.,* No. B90-340 (JAC) (D. Conn. 1993). Lead counsel; $4 million settlement.
- *In re Jackpot Securities Enterprises, Inc. Securities Litigation,* CV-S-89-05-LDG (RJJ) (D. Nev. 1993). Lead counsel; $3 million settlement.

- *In re Nordstrom Inc. Securities Litigation,* No. C90-295C (W.D. Wa. 1991). Co-lead counsel; $7.5 million settlement.

- *United Artists Litigation,* No. CA 980 (Sup. Ct., L.A., Cal.). Trial counsel; $35 million settlement.

- *In re A.L. Williams Corp. Shareholders Litigation,* Consolidated, C.A. No. 10881 (Delaware. Ch. 1990). Lead counsel; benefits in excess of $11 million.

- *In re Triangle Inds., Inc., Shareholders' Litigation,* C.A. No. 10466 (Delaware. Ch. 1990). Co-lead counsel; recovery in excess of $70 million.

- *Schneider v. Lazard Freres,* (N.Y. Sup. 1990). Co-lead counsel.  Landmark decision concerning liability of investment bankers in corporate buyouts; $55 million settlement.

- *Rothenberg v. A.L. Williams,* C.A. No. 10060 (Delaware. Ch. 1989). Sole counsel; benefits of at least $25 million to the class.

- *Kantor v. Zondervan Corporation,* C.A. No. 88 C5425 (W.D. Mich. S.D. 1989). Sole counsel; recovery of $3.75 million.

- *King v. Advanced Systems, Inc.,* C.A. No. 84 C10917 (N.D. Ill. E.D. 1988). Lead counsel; recovery of $3.9 million (representing 90% of damages).

- *Straetz v. Cordis,* 85-343 Civ. (SMA) (S.D. Fla. 1988). Lead counsel:

"I want to commend counsel and each one of you for the diligence with which you've pursued the case and for the results that have been produced on both sides.  I think that you have displayed the absolute optimum in the method and manner by which you have represented your respective clients, and you are indeed a credit to the legal profession, and I'm very

proud to have had the opportunity to have you appear before the Court
in this matter."

- *In re Flexi-Van Corporation, Inc. Shareholders Litigation,* C.A. No. 9672 (Delaware. Ch. 1988). Co-lead counsel; $18.4 million settlement.

- *Entezed, Inc. v. Republic of Nigeria,* I.C.C. Arb. (London 1987). Multi-million dollar award for client.

- *In re Carnation Company Securities Litigation,* No. CV84-6913 (FW) (C.D. Cal. 1987). Co-lead counsel; $13 million settlement.

- *In re Data Switch Securities Litigation,* B84 585 (RCZ) (D. Conn. 1985). Co-lead counsel; $7.5 million settlement.

- *Stern v. Steans,* 80 Civ 3903 (GLG). The court characterized the result for the class obtained during trial to jury as "unusually successful" and "incredible" (Jun 1, 1984).

- *In re Datapoint Securities Litigation,* SA 82 CA 338 (W.D. Tex.). Lead Counsel for a Sub-Class; $22.5 million aggregate settlement.

- *Malchman, et al. v. Davis, et al.,* 77 Civ 5151 (S.D.N.Y., June 8, 1984) (TPG):

> "It is difficult to overstate the far-reaching results of this litigation and the settlement. Few class actions have ever succeeded in altering commercial relationships of such magnitude. Few class action settlements have even approached the results achieved herein.... In the present case, the attorneys representing the class have acted with outstanding vigor and dedication . . . Although the lawyers in this litigation have appeared considerably more in the state courts than in the federal court, they have appeared in the federal court sufficiently for me to attest as to the high professional character of their work. Every issue which has come to this court has been presented by both sides with a thoroughness and zeal which is outstanding .... In sum, plaintiffs and their attorneys undertook a very large and difficult litigation in both the state and federal courts, where the stakes were enormous. This litigation was hard fought over a period of four years. Plaintiffs achieved a settlement which altered commercial relationships involving literally hundreds of millions of dollars."

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLAUDE A. REESE, Individually and on Behalf of all Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT J. BAHASH,<br><br>        Defendant. | Case No.  1:07-cv-01530-CKK |

Having considered the papers filed in support of the Motion of the McGraw-Hill Investor Group ("Movant") for Appointment of Lead Plaintiff and Approval of Choice of Lead Counsel, pursuant to Section 21D(a)(3)(B), and for good cause shown, the Court hereby enters the following order.

**I.  APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

1.  Bristol County Retirement System, Empire State Carpenters Annuity Fund, Empire State Carpenters Pension Fund and Empire State Carpenters Welfare Fund (collectively, the "McGraw-Hill Investor Group") have moved the Court to be appointed Lead Plaintiff in this class action and to approve the counsel retained to be Lead Counsel.

2.  Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that the McGraw-Hill Investor Group is the most adequate plaintiff and satisfies the requirements of the PSLRA.  The Court hereby appoints the McGraw-Hill Investor Group as Lead Plaintiff to represent the interests of the class in this Action.

3.  Pursuant to  Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), the McGraw-Hill Investor Group has selected and retained the law firms of

Labaton Sucharow LLP and Kirby McInerney LLP to serve as Co-Lead Counsel.  The Court

approves Movant's selection of Co-Lead Counsel for this Action.

    4.    Co-Lead Counsel shall have the following responsibilities and duties:

    a.    to brief and argue motions;

    b.    to initiate and conduct discovery, including, without limitation,

coordination of discovery with defendants' counsel, preparation of written interrogatories,

requests for admission and requests for production of documents;

    c.    to direct and coordinate the examination of witnesses in depositions;

    d.    to act as spokesperson at pretrial conferences;

    e.    to coordinate and direct the pretrial discovery proceedings and the

preparation for trial and the trial of this matter;

    f.    to provide general coordination of the activities of plaintiffs' counsel and

to delegate work responsibilities to selected counsel as may be required in such a manner

as to lead to the orderly and efficient prosecution of this litigation and to avoid

duplication or unproductive effort;

    g.    to consult and employ experts;

    h.    to call and chair meetings of plaintiffs' counsel as appropriate or necessary

from time to time;

    i.    to receive and review periodic time reports of all attorneys on behalf of

plaintiffs, to determine if the time is being spent appropriately and for the benefit of

plaintiffs and to determine and distribute plaintiffs' attorneys' fees;

       j.      to initiate and/or conduct any settlement negotiations with counsel for defendants; and

       k.      to perform such other duties as may be expressly authorized by further order of this Court.

5.      No motion, discovery request, or other pre-trial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

6.      Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7.      Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.  Co-lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

8.      All counsel for plaintiffs in the Action shall submit to Co-Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate, and the subject matter of the work.  Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Co-Lead Counsel shall determine.  Any failure to timely submit such reports to Co-Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund which may be created in this Action.

9.      Defendants shall effect service of papers on plaintiffs by serving copies on Co-Lead Counsel by overnight delivery service, telecopy, or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, telecopy, or hand delivery.

10.      Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings.

## II.    NEWLY-FILED OR TRANSFERRED ACTIONS

11.      When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a.      file a copy of this Order in the separate file for such action;

    b.      mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c.      make the appropriate entry in the docket for this Action.

12.      Each new case which arises out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with this Action, and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

**IT IS SO ORDERED.**

DATED:  This ___ day of _____, 2007

_____

UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAUDE A. REESE, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. BAHASH,<br><br>Defendant. | Civil Action No. 1:07-cv-01530-CKK |

### <u>CERTIFICATE OF SERVICE</u>

I, Daniel S. Sommers, hereby certify that on October 29, 2007, a true and correct copy of

the following documents was served on the counsel below via electronic mail:

- Notice of Appearance;

- Motion of McGraw Hill Investor Group for Appointment of Lead Plaintiff and Approval of Choice of Lead Counsel;

- Memorandum in Support of Motion of McGraw Hill Investor Group for Appointment of Lead Plaintiff and Approval of Choice of Lead Counsel;

- Declaration of Ira M. Press in Support of the Motion of McGraw Hill Investor Group for Appointment of Lead Plaintiff and Approval of Choice of Lead Counsel;

- Proposed Order.

Steven Richard Freeman
FREEMAN, WOLFE & GREENBAUM, P.A.
409 Washington Avenue
Suite 300
Towson, MD 21204
(410) 321-8400
Fax: 410-321-8407
srf@fwglaw.com

Dated: October 29, 2007                     _____/s/_____

                                            Daniel S. Sommers