UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLAUDE A. REESE, Individually and on Behalf of All Others Similarly Situated | ) ) ) | Civil No. 1:07-cv-01530-CKK |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ROBERT J. BAHASH, | ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM IN FURTHER SUPPORT OF BOCA RATON FIREFIGHTERS AND
POLICE PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE
COMPETING MOTION

Institutional Investor Boca Raton Firefighters and Police Pension Fund ("Boca Raton") respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel and in opposition to the competing motion.

## I.    INTRODUCTION

Presently pending before this Court are two competing motions for appointment as Lead Plaintiff, which, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), were filed on October 29, 2007.  In addition to the motion filed by Boca Raton, a competing motion was also filed by Bristol County Retirement System, Empire State Carpenters Annuity Fund, Empire State Carpenters Pension Fund and Empire State Carpenters Welfare Fund (collectively, the "McGraw-Hill Investor Group").

In making the determination of which investor to appoint as Lead Plaintiff, the PSLRA instructs this Court to decide which movant, among all of the competing movants, "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

As detailed herein and in its prior submission, institutional investor Boca Raton has the largest financial interest (with losses of $241,546.63) of any other movant and also satisfies the requirements of Rule 23.  *See In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) (stating that "institutional investors should serve as lead plaintiffs where possible, since they are most likely to have the most at stake in the case and be the most sophisticated and competent litigants."); *Cendant*, 264 F.3d at 264 (noting that institutional investors will "more often than not" satisfy the requirements of Rule 23); *see also Ferrari v. Impath, Inc.,* No. 03 Civ. 5667

(DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the PSLRA's purpose is best achieved by encouraging institutional investors to serve as lead plaintiff).

It is therefore respectfully submitted that Boca Raton is the most adequate plaintiff and should accordingly be appointed Lead Plaintiff, have its choice of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel approved, and the motion of the McGraw-Hill Investor Group should be denied.

## II.    ARGUMENT

### A.    The PSLRA's Lead Plaintiff Procedure

The PSLRA provides that in securities class actions, "courts shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. §78u-4(a)(3)(B)(i).   In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, *has the largest financial interest* in the relief sought by the class; and
>
> (cc) otherwise *satisfies the requirements of Rule 23* of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added).

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or entity with the largest financial interest in the relief sought.  As set forth herein, Boca Raton is the presumptive Lead Plaintiff and no movant can offer any type of proof to rebut that presumption.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (stating that "proof" is required to rebut the presumption afforded to the presumptive lead plaintiff).

B.    **Boca Raton Is the "Most Adequate Plaintiff"**

1.    **Boca Raton Has the Largest Financial Interest in the Relief Sought in This Case**

Courts have noted that the most important factor in determining which investor should be appointed as lead plaintiff is the second statutory requirement, *i.e.*, the amount of financial interest claimed. *See e.g., In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005) ("The analysis requires this Court to determine first which movant has the largest financial interest in the relief sought by the class."). The following chart sets forth the claimed losses of all of the movants, as reported in their respective motion papers:

| MOVANT | CLAIMED LOSS |
|---|---|
| Boca Raton | 241,546.63 |
| McGraw-Hill Investor Group | 168,341.02 |

As this chart demonstrates, the losses of Boca Raton are significantly greater than the losses of the McGraw-Hill Investor Group.

Once a court finds that a movant has the largest financial interest in the litigation, as is the case here with Boca Raton, the court must appoint that plaintiff as lead plaintiff, unless the court finds that the movant has not made a *prima facie* showing of adequacy and typicality. *See Cavanaugh*, 306 F.3d at 726; *Fannie Mae*, 355 F. Supp 2d at 263 (recognizing that "this Court ***must*** deem" the movant with the largest financial interest the presumptive lead plaintiff if it "makes a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23") (emphasis added). In this regard, the court in *Cavanaugh* stated:

> [A] straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732. *See also Cendant*, 264 F.3d at 264 (noting institutional investors will "more often than not" satisfy the requirements of Rule 23); *Fannie Mae*, 355 F. Supp 2d at 263-264 (appointing two institutional investors with the largest financial interest as lead plaintiff). Boca Raton has the undisputed largest financial interest in this litigation and, as set forth below, it satisfies the requirements of Federal Rule of Civil Procedure 23; its motion should therefore be granted.

### 2.    Boca Raton Satisfies the Requirements of Rule 23

Boca Raton also satisfies Rule 23's typicality and adequacy requirements. *See Cendant*, 264 F.3d at 264 ("the court's initial inquiry should be confined to determining whether such movants have stated a *prima facie* case of typicality and adequacy"). Boca Raton's claims are typical of the claims of the rest of the class because, just like all other class members, it: (1) purchased The McGraw-Hill Companies shares during the Class Period; (2) purchased The McGraw-Hill Companies shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Boca Raton's claims are typical of those of other class members because its claims and the claims of other class members arise out of the same course of events. *Fannie Mae*, 355 F. Supp. 2d at 263 (finding institutional investors with largest financial interest satisfied typicality requirement by "[demonstrating] its claims arose out of the same course of conduct and are based on the same legal theory").

Boca Raton is also an adequate representative of the class. As evidenced by the injuries suffered by Boca Raton, who purchased The McGraw-Hill Companies shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Boca Raton are clearly aligned with the interests of the members of the class, and there is no evidence of any antagonism between Boca Raton's interests and those of the other members of the class. Further, Boca Raton has taken steps which demonstrate that it will protect the interests of all members of the class by retaining Coughlin Stoia, recognized as one of the leading securities class

action firms in the United States, to prosecute these claims. *See In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002) (finding that the submissions of Coughlin Stoia's lawyers "stand out in the breadth and depth of its research and insight").

Additionally, Boca Raton is precisely the type of investor Congress sought to summon and empower when it enacted the PSLRA. *See XM Satellite,* 237 F.R.D. at 17 (stating that "institutional investors should serve as lead plaintiffs where possible, since they are most likely to have the most at stake in the case and be the most sophisticated and competent litigants."); *Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *10 (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiff). Moreover, as an institutional investor, Boca Raton is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

In fact, Congress, in passing the PSLRA, expressed a strong preference for institutional plaintiffs, such as Boca Raton, to be appointed lead plaintiff. The legislative history of the PSLRA demonstrates this clear Congressional intent "to increase the likelihood that institutional investors will serve as lead plaintiffs." House Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 34 (1995); *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MD 1529 (LMM), 2005 U.S. Dist. LEXIS 19052, at *4-*6 (S.D.N.Y. Sept. 1, 2005). In keeping with that Congressional intent, courts in this District, as well as others, consistently appoint pension and retirement funds as lead plaintiff pursuant to the PSLRA. *See Fannie Mae*, 355 F. Supp 2d at 263-264 (appointing two pension funds as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-cv-04617 RJH, 2006 U.S. Dist. LEXIS 3028, at *21 (S.D.N.Y. Jan. 25, 2006); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395 (S.D.N.Y. 2004).

Accordingly, Boca Raton should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought in this case and is otherwise adequate and typical for the

purposes of this motion. *See Fannie Mae*, 355 F. Supp. 2d at 263 (finding two pension funds with the largest financial interest satisfied adequacy requirement by demonstrating lack of "interests antagonistic to the class, [and] that its counsel is qualified, experienced, and able to conduct the litigation").

## III.     CONCLUSION

For all the reasons stated herein, Boca Raton's motion for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel should be granted and all other motions should be denied.

DATED: November 11, 2007

> COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> NANCY M. JUDA (DC Bar # 445487)
>
>
> _____
> /s/ *Nancy M. Juda*
> NANCY M. JUDA
>
> 1100 Connecticut Avenue, N.W., Suite 730
> Washington, DC  20036
> Telephone:  202/822-6762
> 202/828-8528 (fax)
>
> COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> DAVID A. ROSENFELD
> MARIO ALBA, JR.
> 58 South Service Road, Suite 200
> Melville, NY  11747
> Telephone:  631/367-7100
> 631/367-1173 (fax)
>
> [Proposed] Lead Counsel for Plaintiff

I:\McGraw Hill\LP Motion\LP Opp Brief.doc

## CERTIFICATE OF SERVICE

I, Mario Alba, Jr., hereby certify that on November 12, 2007, I caused a true and

correct copy of the attached:

> Memorandum in Further Support of Boca Raton Firefighters and Police Pension
> Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of
> Lead Counsel and in Opposition to the Competing Motion,

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to all additional counsel on the attached service list.


                                    /s/ *Mario Alba, Jr.*
                                    Mario Alba, Jr.

MCGRAW-HILL

Service List - 10/29/2007   (07-0216)

Page 1 of  1

**Counsel For Defendant(s)**

Robert J. Bahash

The McGraw-Hill Companies, Inc.

1221 Avenue of the Americas

New York, NY  10020

   212/512-2564

**Counsel For Plaintiff(s)**

David A. Rosenfeld

Mario  Alba, Jr.

Coughlin Stoia Geller Rudman & Robbins LLP

58 South Service Road, Suite 200

Melville, NY  11747

   631/367-7100

   631/367-1173 (Fax)

Steven R. Freeman

Freeman, Wolfe & Greenbaum, P.A.

Mercantile - Towson Building

409 Washington Avenue, Suite 300

Towson, MD  21204

   410/321-8400

   410/321-8407 (Fax)

Nancy M. Juda

Coughlin Stoia Geller Rudman & Robbins LLP

1100 Connecticut Avenue, N.W.

Suite 730

Washington, DC  20036

   202/822-6762

   202/828-8528 (Fax)

Joel L. Lipman

O'Rourke Katten & Moody

161 North Clark Street, Suite 2230

Chicago, IL  60601

   312/849-2020

   312/849-2021 (Fax)