UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLAUDIA REESE,
Individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

ROBERT J. BAHASH,

    Defendant.

Civil Action No. 07-1530 (CKK)

**MEMORANDUM OPINION**
(February 11, 2008)

Currently pending before the Court is a motion for appointment as lead plaintiff and for approval of selection of lead counsel filed by movant, the Boca Raton Firefighters and Police Pension Fund ("Boca Raton F&P Fund"), pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Boca Raton F&P Fund's motion is unopposed. Although another group of institutional investors–Bristol County Retirement System, Empire State Carpenters Annuity Fund, Empire State Carpenters Pension Fund, and Empire State Carpenters Welfare Fund (collectively, the "McGraw-Hill Investor Group") initially moved for appointment as lead plaintiff in this action, the McGraw-Hill Investor Group has since informed the Court that it does not possess the largest financial interest in the relief sought in this class action, and therefore does not oppose the Boca Raton F&P Fund's motion. Moreover, based upon a thorough review of the Boca Raton F&P Fund's motion, the exhibits attached thereto, and the relevant statutes and case law, the Court concludes that the Boca Raton F&P

Fund is the most adequate lead plaintiff in this action.

As such, the Court shall GRANT the Boca Raton F&P Fund's [6] motion, and shall DENY the McGraw-Hill Investor Group's [8] motion. The Court shall appoint the Boca Raton F&P Fund as lead plaintiff in this action and approve its selection of lead counsel: Coughlin Stoia Geller Rudman & Robbins LLP. In addition, as set forth in the accompanying Order, the Court shall set the following schedule for proceeding in this action: (1) the Boca Raton F&P Fund may amend the complaint in this action on or before April 16, 2008 to, *inter alia*, add additional Defendants; (2) on or before May 16, 2008, the Boca Raton F&P Fund shall serve all defendants with the amended complaint and file proof of service with the Court; (3) on or before May 30, 2008, the parties shall file a *joint* status report with the Court as to how they wish to proceed in this matter. The Court shall set any necessary briefing schedules at the Initial Scheduling Conference in this matter, to be held after all defendants are served with any amended complaint. The parties shall not file dispositive motions (motions to dismiss and/or motions for summary judgment) until the Court sets a briefing schedule.

## I. BACKGROUND

On August 28, 2007, Plaintiff Claudia A. Reese filed the Complaint in this action, on behalf of herself and a purported class of all purchasers of the common stock of McGraw-Hill Companies, Inc. ("McGraw-Hill") between July 25, 2006 and August 15, 2007. Compl. ¶ 1. The Complaint is brought against Defendant Robert J. Bahash, McGraw-Hill's Chief Financial Officer, pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. *Id.* ¶ 8. The Complaint alleges that McGraw-Hill's Financial Services segment, operating under the Standard

& Poor's brand, provides a variety of services including assigning credit ratings to mortgage bonds. *Id.* ¶¶ 3-4, 12.  According to the Complaint, during the Class Period, "the Defendant misrepresented or failed to disclose that Standard & Poor's assigned excessively high ratings to bonds backed by risky subprime mortgages – including bonds packaged as collateralized debt obligations – which was materially misleading to investors concerning the quality and relative risk of these investments." *Id.* ¶ 5.  The Complaint further alleges that "even as a downturn in the housing market caused rising delinquencies of the subprime mortgages underlying such bonds, Standard & Poor's maintained its excessively high ratings, rather than downgrade the bonds to reflect the true risk of owning subprime-mortgage-backed debt instruments." *Id.* According to the Complaint, on August 16, 2007, investors were "shocked" when it was reported that the European Union would examine why credit rating agencies were slow to react to early signs of United States loan defaults, and the price of McGraw-Hill shares fell to $48 per share upon the news. *Id.* ¶ 6.

Pursuant to the procedures established by the PSLRA, Plaintiff caused the first notice regarding the pendency of this action to be published on *PR Newsiwre*, a national business-oriented newswire service, on August 28, 2007.  *See* 10/29/07 Decl. of Nancy M. Juda (attached as exhibit to the Boca Raton F&P Fund's motion, hereinafter "Juda Decl.") ¶ 2, Ex. A (8/28/07 Notice).  On October 29, 2007–the 60th day following the notice publication–the Boca Raton F&P Fund and the McGraw-Hill Investor Group each moved to be appointed lead plaintiff.  On November 12, 2007, the McGraw-Hill Investor Group filed a Response to the Boca Raton F&P Fund's motion, indicating that it did not oppose the Boca Raton F&P Fund's motion, as it appeared that the McGraw-Hill Investor Group did not possess the "largest financial interest in

the relief sought by the class," as required by the PSLRA. *See* McGraw-Hill Group Resp.

On January 2, 2008, the Court issued an Order pursuant to Federal Rule of Civil Procedure 4(m), noting that although more than 120 days had passed since the filing of the Complaint in this action, there was no record that the Complaint had been served upon Defendant Bahash. *See* Rule 4(m) Order, Docket No. [12]. The Court's Order required Plaintiff, on or before January 16, 2008, to either cause process to be served and proof of service to be filed with the Court, or file a status report with the Court indicating why service had not been made. *Id.* On January 16, 2008, Plaintiff Reese and the Boca Raton F&P Fund both filed status reports. Plaintiff Reese's report indicates that she–with the approval of counsel for the Boca Raton F&P Fund–attempted service at Defendant Bahash's place of business but had not effected service. Pl's Status Rep. Concerning Service. The Boca Raton F&P Fund's status report indicates that, if it is appointed lead plaintiff, it will serve Defendant Bahash with a copy of the original Complaint within 20 days. Fund Resp. at 2-3. The Boca Raton F&P Fund's report further proposes a schedule for the filing and service of an amended complaint in this action, as well as briefing on any motions to dismiss that amended complaint.

## II.  LEGAL STANDARD

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private plaintiff class actions brought under the Exchange Act. *See* 15 U.S.C. §§ 78u-4(a0(1) and (a)(3)(B)(i). Specifically, the Act provides that the Court shall appoint as lead plaintiff the member or members of the purported class "that the court determines to be the most capable of adequately representing the interests of the class members." *Id.* In so doing, the Court adopts a rebuttable presumption that the most adequate plaintiff "is the person or group of persons that--

(aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I); *see also In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006). Significantly, although Rule 23(a) includes four requirements–numerosity, commonality, typicality, and adequacy–the presumptive lead plaintiff "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *XM Satellite Radio*, 237 F.R.D. at 18 (quoting *In re Olsten Corp. Sec.* Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)); *see also In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005) (the Court "must deem" the movant with the largest financial interest the presumptive lead plaintiff if it "makes a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23"). Further, the PSLRA's presumption "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II). Finally, under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

As Judge Ellen Segal Huvelle explained in *XM Satellite Radio*, the "PSLRA's presumption that the most adequate plaintiff is the one with the largest financial interest reflects Congress' desire to curtail lawyer-driven securities class actions." 237 F.R.D. at 17 (citing H.R. Conf. Rep. No. 104-369, at *31 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730). Further, Congress explicitly stated its hope that by selecting the plaintiff with the greatest financial loss, the PSLRA

would "increase the likelihood that institutional investors will serve as lead plaintiffs." *Id.* (quoting H.R. Conf. Rep. No. 104-369, at *34, 1995 U.S.C.C.A.N. 730, 733). Congress viewed this goal as laudable because institutional investors "are most likely to have the most at stake in the case and be the most sophisticated and competent litigants." *Id.* (citing cases).

### III.  DISCUSSION

#### A.   Lead Plaintiff

Based upon the framework set forth in the PSLRA, the Court easily concludes that the Boca Raton F&P Fund is the most adequate plaintiff to represent the interests of the purported class members in this case. At the outset, the Court notes that the Boca Raton F&P Fund complied with the PSLRA's procedural requirements by timely moving to be appointed lead plaintiff, signing and filing a certification as described in 15 U.S.C. § 78u-4(a)(2)(A), and selecting and retaining counsel to represent itself and the class. *See* 15 U.S.C. §§ 78u-4(a)(2) and (a)(3). In addition, the Court notes that, as the Boca Raton F&P Fund stresses, it is the type of institutional investor that Congress envisioned serving as a lead plaintiff when it passed the PSLRA. *See* Fund Mem. at 5 (citing H.R. Conf. Rep. No. 104-369, at *34, 1995 U.S.C.C.A.N. 730, 733).

Furthermore, because it meets the requirements set forth in the PSLRA, the Boca Raton F&P Fund is entitled to a rebuttable presumption that it is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Boca Raton F&P Fund timely made a motion to be appointed as lead plaintiff in response to Plaintiff's notice of this action. *Id.* Further, no party has challenged the Boca Raton F&P Fund's claim that it has the largest financial interest in the relief sought by the class, as it suffered a loss of $241,546.63 on its transactions in McGraw-Hill

shares. *See* Juda Decl., Ex. C. To the contrary, the McGraw-Hill Investor Group, which previously moved to be appointed lead plaintiff, concedes that its estimated losses of $168,341 do not represent the largest financial interest. *See* McGraw-Hill Group Mem. at 2; McGraw-Hill Group Resp.

Finally, the Boca Raton F&P Fund has made a *prima facie* showing that it satisfies the adequacy and typicality requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). The PSLRA "inquiry does not differ from the one conducted in a Rule 23 analysis." *Fannie Mae*, 355 F. Supp. 2d at 263 (quoting *In re Cavanaugh*, 306 F.3d 726, 736 (9th Cir. 2002)). The typicality requirement of Rule 23(a)(3) is satisfied "if each class member's claim arises from the same course of events that led to the claims of the [lead plaintiff] and each class member makes similar legal arguments to prove the defendant's liability." *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 27 (D.D.C. 2001) (quoting *Pigford v. Glickman*, 182 F.R.D. 341, 349 (D.D.C. 1998)). Moreover, the facts and claims of each class member do not have to be identical to support a finding of typicality. *See Thomas v. Albright*, 139 F.3d 227, 238 (D.C. Cir. 1998)). Here, as the Boca Raton F&P Fund notes, it: (1) purchased McGraw-Hill shares during the class period; (2) was allegedly adversely affected by Defendants' false and misleading statements; and (3) suffered damages as a result. *See* Fund Mem. at 6. As such, its claims are typical because they arose out of the same course of events as the claims of absent class members.

In determining whether a lead plaintiff satisfies the adequacy requirement of Rule 23, the two generally recognized criteria are that "(1) the [lead plaintiff] must not have antagonistic or competing interests with the unnamed members of the class, and (2) the [lead plaintiff] must

appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997) (internal quotation omitted). The Boca Raton F&P Fund's interests appear to be aligned with those of the class, as it has the largest financial interest in the relief sought by the class, and there is no evidence of any conflict between its interests and those of other class members. Further, as discussed below, the Boca Raton F&P Fund has selected and retained experienced counsel, who appears competent and qualified to pursue the class' claims. As such, the Court concludes that the Boca Raton F&P Fund is the presumptive lead plaintiff.

    The Court's conclusion is aided by the fact that the Boca Raton F&P Fund's motion to be appointed as lead plaintiff is unopposed. While the McGraw-Hill Investor Group states that it "stands ready to serve as Lead Plaintiff" if "the Boca Raton F&P Fund is unable to serve as Lead Plaintiff," McGraw-Hill Group Resp., it makes no attempt to rebut the presumption in favor of the Boca Raton F&P Fund by proving, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), that the Boca Raton F&P Fund "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render [it] incapable of adequately representing the class." Nor has any other member of the purported class attempted to make such a showing, and the Court is not aware of any evidence of the Boca Raton F&P Fund's inadequacy as lead plaintiff. As the PSLRA's presumption in favor of appointing the Boca Raton F&P Fund as lead plaintiff therefore stands unrebutted, the Court shall appoint the Boca Raton F&P Fund as lead plaintiff in this action.

    B.    *Lead Counsel*

    As noted above, the Boca Raton F&P Fund has selected and retained Coughlin Stoia

Geller Rudman & Robbins LLP to serve as its counsel. The PSLRA "evidences a strong presumption in favor of approving a properly-appointed lead plaintiff's decisions as to counsel selection and counsel retention." *XM Satellite Radio*, 237 F.R.D. at 21 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)). Plaintiff's selected firm has "extensive experience litigating securities class actions and has been appointed lead counsel in cases such as *Enron Corporation Securities Litigation*." *XM Satellite Radio*, 237 F.R.D. at 21 (approving appointment of same firm as lead counsel); *see also* Juda Decl., Ex. D (firm resume) As there is no dispute as to its experience and qualifications, the Court shall appoint the Boca Raton F&P Fund's choice of counsel as lead counsel.

C.   *Proceeding In This Action*

As noted above, the Court issued a Rule 4(m) Order on January 2, 2008 because more than 120 days had passed since the filing of the Complaint in this action and there was no record of service upon Defendant Bahash. *See* Rule 4(m) Order, Docket No. [12]. In the Boca Raton F&P Fund's report in response to that Order, it proposes to serve Defendant Bahash with a copy of the Complaint within 20 days of being appointed lead plaintiff, but suggests that Defendant Bahash not be required to respond to the original Complaint once served, because the Boca Raton F&P Fund plans to file an amended complaint, *inter alia*, adding additional defendants, and then serve all defendants with the amended complaint. Fund Resp. at 2-3. The Court sees no purpose in requiring the Boca Raton F&P Fund to serve Defendant Bahash with a copy of a complaint on which it does not plan to proceed, or in requesting that Defendant Bahash refrain from responding to that complaint. Instead, as set forth in the accompanying Order, the Court shall grant the Boca Raton F&P Fund its requested 65 days in which to file its amended

complaint, i.e., on or before April 16, 2008, and shall require the Boca Raton F&P Fund to serve all defendants within 30 days of that date, i.e., on or before May 16, 2008.

The Boca Raton F&P Fund also proposes a schedule for the filing of defendants' response to its amended complaint and briefing of potential motions to dismiss the amended complaint. Rather than speculate as to a briefing schedule at this point, the Court shall require all parties, on or before May 30, 2008, to file a *joint* status report with the Court as to how they propose to proceed in this action. Following receipt of that joint status plan, the Court shall hold an Initial Scheduling Conference in this matter, at which it shall set any necessary briefing schedules. The parties shall not file dispositive motions (motions to dismiss and/or motions for summary judgment) until the Court sets a briefing schedule.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Boca Raton F&P Fund's [6] motion, and shall DENY the McGraw-Hill Investor Group's [8] motion. The Court shall appoint Boca Raton F&P Fund as lead plaintiff in this action and approve its selection of lead counsel: Coughlin Stoia Geller Rudman & Robbins LLP. In addition, a schedule for the filing and service of the Boca Raton F&P Fund's proposed amended complaint in this action is set forth in the accompanying Order.

Date: February 11, 2008

                                                       */s/*
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge